## THE ANJER HEAD.[1]

### UNITED STATES v. THE ANJER HEAD.

*(District Court, D. New Jersey.   December 8, 1890.)*

ILLEGAL DUMPING—LIABILITY OF VESSEL—ACT OF JUNE 29, 1888.

When an employe on board of a steam-ship threw overboard a single scuttl a of ashes in a place prohibited by the statute of June 29, 1888, (25 St. at Large, p. 209,) entitled "An act to prevent obstructive and injurious deposits within the harbor of New York, by dumping or otherwise, and to punish and prevent such offenses," and there was no proof of orders by any one in authority, it was *held* that the steam-ship was not used or employed in a violation of the law, in the sense of the statute, and was not liable *in rem* to the penalties therein prescribed.

In Admiralty.   Suit to recover a penalty.

*George S. Duryea,* U. S. Atty., and *H. W. Hayes,* Asst. U. S. Atty., for the United States.

*Convers & Kirlin,* (*Mr. Kirlin,* of counsel,) for claimant.

GREEN, J.   The first exception taken by the claimants to the libel is well founded, and is sustained.   The allegation of the libel is that, while the steam-ship Anjer Head was in New York harbor, some one on board of her did deposit in the tidal waters of the harbor ashes and cinders, contrary to the statute in such case made and provided.   The facts, as admitted, are that an employe on board the steam-ship did throw overboard a single scuttle of ashes at the place named.   Such employe was undoubtedly technically guilty of violating the statute.   But these proceedings are not against him, but are brought against the steam-ship, being based upon the last clause of section 4 of the statute referred to in the libel.   That clause reads as follows:   "Any boat or vessel used or employed in violating any provisions of this act shall be liable," etc. The emphatic words in this clause are "used" and "employed."   Practically, they are synonymous, and they mean "to make use of," "to put to a purpose."   The clause in question, then, renders every boat or vessel "put to the purpose" of violating the provisions of this statute liable to the penalties.   It is quite evident that the Anjer Head was not so engaged in such violation.   To be put to such or to any purpose necessarily requires antecedent determination on the part of her master or owners, or of some one with sufficient authority that she shall perform such purpose.   A vessel can only be used or employed by or with the consent of the person who has the legal right to use and employ.   There is no pretense that there was any such use or employment in this case.

Libel is dismissed.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.