## THE COLOMBO.

District Court, S. D. New York. August 3, 1928.

Charles H. Tuttle, U. S. Atty., of New York City.

Gilbert & Gilbert, of New York City, for respondent.

BONDY, District Judge. Though the suit was brought to recover a penalty for the violation of the Act of Congress of March 3, 1899, §§ 13 and 16 (33 USCA §§ 407, 411, 412), an application was made to amend the libel to allow a recovery for the violation of the Act of June 29, 1888 (33 USCA § 441 et seq.), an act to prevent obstructive and injurious deposits within the harbor and adjacent waters of New York City by dumping or otherwise, and to punish and prevent such offenses. By it the placing, discharging, or depositing in any manner sludge or certain other matter on the tidal waters of the harbor of New York or adjacent waters is strictly forbidden, and every such act is made a misdemeanor and every person engaged in, or who shall aid, abet, authorize, or instigate a violation thereof upon conviction is made punishable by fine or imprisonment or both, and any boat or vessel used or employed in violation of this act is made liable to the pecuniary penalties imposed thereby and to be proceeded against summarily by way of libel.

It cannot be said, especially in view of the fact that the statute must be strictly construed, that a ship, into which oil is being pumped from a barge through an inlet on the ship to which a hose is connected, is being used or employed in violation of any provisions of the act, merely because a person on the barge is pumping valuable oil into the sea through a valve on the ship which unknowingly has been left open. See The Anjer Head (D. C.) 46 F. 664. It was not intended that the ship or the barge should be used to dump oil into the harbor of New York.

The libel, therefore, should be dismissed.