### UNITED STATES v. ATLANTIC FRUIT CO.

(Circuit Court of Appeals, Second Circuit.. June 18, 1913.)

No. 230.

ALIENS (§ 58*)—IMMIGRATION—STATUTES—"FINE"—CIVIL ACTION—RECOVERY. Act March 3, 1893, c. 206, § 8, 27 Stat. 570 (U. S. Comp. St. 1901, p. 1303), requires steamship transportation companies importing alien immigrants to keep posted in offices of foreign ticket agents a copy of the laws of the United States relevant to immigration, printed in the language of the country and exposed to view. It also requires agents selling tickets to persons contemplating entering the United States to call attention to such laws, and provides that for a violation of the act, or for failure to file a certificate of performance, or in case of filing a false certificate, the company shall pay a "fine," not exceeding $500, to be recovered in a proper United States court, which fine shall be a lien on any vessel of said company or owner found in the United States. *Held*, that the word "fine," as so used, should be treated as the equivalent of the word "penalty," whether the amount be certain or uncertain, and that the fine or penalty imposed by the act was recoverable in a civil action by the United States; the government not being limited to the enforcement of the statute by criminal proceedings.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 113, 114; Dec. Dig. § 58.*

For other definitions, see Words and Phrases, vol. 3, pp. 2811–2813.]

Ward, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Southern District of New York.

Action by the United States against the Atlantic Fruit Company. From a judgment dismissing the complaint, the United States brings error. Reversed.

Writ of error to review a judgment of the District Court, Southern District of New York, dismissing the complaint in a civil action brought by the government to recover the amount of fines alleged to have been incurred by the defendant for failing to comply with the provisions of section 8 of the act of March 3, 1893 (27 Stat. 570 [U. S. Comp. St. 1901, p. 1303]), which reads as follows:

"That all steamship or transportation companies, and other owners of vessels, regularly engaged in transporting alien immigrants to the United States, shall twice a year file a certificate with the [Secretary of Commerce and Labor] that they have furnished to be kept conspicuously exposed to view in the office of each of their agents in foreign countries authorized to sell immigrant tickets, a copy of the law of March third, eighteen hundred and ninety-one, and of all subsequent laws of this country relative to immigration, printed in large letters, in the language of the country where the copy of the law is to be exposed to view, and that they have instructed their agents to call the attention thereto of persons contemplating immigration before selling tickets to them; and in case of the failure for sixty days of any such company or any such owners to file such a certificate, or in case they file a false certificate, they shall pay a fine of not exceeding five hundred dollars, to be recovered in the proper United States court, and said fine shall also be a lien upon any vessel of said company or owners found within the United States."

The District Court dismissed the complaint upon the ground that a civil action does not lie for the recovery of the fines in question and the government has brought this writ of error.

Henry A. Wise, U. S. Atty., and A. S. Pratt, Asst. U. S. Atty., both of New York City.

R. J. M. Bullowa, of New York City (James A. Fechtig, Jr., of New York City, of counsel), for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). The real question in this case is whether a civil action can be maintained for the recovery of the fines prescribed by this statute. It is not material whether a criminal prosecution could also be instituted. A civil remedy may exist without being exclusive.

There are two lines of authorities leading up to this question. One line holds that while the word "fine" ordinarily implies a criminal proceeding it may when the amount is fixed and definite be treated as an equivalent of the word "penalty" and afford the basis for a civil action. Another line supports the proposition that when a statute imposes a penalty indefinite in amount a civil suit may be brought for its recovery. But we are referred to no authority which goes quite to the question here and holds that a *fine* which is *uncertain* in amount may be sued for civilly.

But we think there is nothing in principle which prevents the step further. The word "fine" is not treated as the equivalent of the word "penalty" because the latter implies definiteness or certainty but because the courts find in particular cases that no distinction should be drawn between the words as describing a statutory pecuniary liability. So while there may be a doubt whether an action of debt will lie for the recovery of a penalty uncertain in amount there can be no question that a civil action of some kind will lie. And as it is unnecessary for this case to classify civil actions we are not required to determine

whether the particular one should be regarded as founded in contract or in tort.

We think it altogether the better view that the word "fine" may in some cases properly be treated as the equivalent of the word "penalty" whether the amount be certain or uncertain and that a civil action may be brought for the recovery. No reason is apparent why the government should always be compelled in such cases to resort to the comparatively harsh course of a criminal proceeding when the milder process of a civil suit may be adequate for the protection of all rights. The different degrees and methods of proof may in some cases require an interpretation that the criminal procedure is imperative, but it is our opinion that such interpretation is not always necessary and that the present case should be determined upon the particular provisions of the statute.

The act in question provides that steamship companies and other owners of vessels failing to comply with its provisions shall "pay a fine of not exceeding five hundred dollars to be recovered in the proper United States court and that said fine shall also be a lien upon any vessel of said company or owners found within the United States." It will be observed that the failure to obey the act is not described as an offense or misdemeanor. No reference is made to any criminal procedure. The statute does not even go so far as to provide that a violation shall be "punished" by a fine. It states that the fine shall be "recovered"—a term applicable rather to a civil than to a criminal action. The government does not recover fines in criminal proceedings. It procures their infliction as punishment. Moreover the provision that the fine shall constitute a lien on the vessel seems indicative of an intention to make the fine a civil rather than a criminal judgment. Upon the whole, we think that, in the absence of a specific statutory remedy, a civil action may properly be brought for the failure to comply with the provisions of the statute. Whether a criminal proceeding may also be instituted need not now be determined.

There is error and the judgment of the District Court is reversed.

WARD, Circuit Judge. (dissenting). The District Judge dismissed the complaint on the ground that a civil action does not lie to recover a fine. The act prescribes nothing as to the mode of procedure except that the fine is to "be recovered in the proper United States court, and said fine shall also be a lien upon any vessel of said company or owners found within the United States." The word "fine" is appropriate to a criminal proceeding. 19 Cyc. 544. The larger term "penalty" includes either a civil or a criminal liability. The foregoing section certainly imposes the performance of a public duty, the omission of which would constitute a public offense. If nothing more had been said, the party at fault would be indictable and indeed punishable in no other way. The additional provision of a fine seems to me to leave the offense indictable only. Sutherland on Statutory Construction, § 721; U. S. v. Cobb (D. C.) 163 Fed. 791, 793. This case arose under the Harter Act, which makes the fine a lien upon the vessel. At all events the provision ought to be construed either as civil or criminal. The

opinion of the court intimates that perhaps either course may be open to the government.

As the rights of the parties respectively would be very different, according as an action at law or a criminal prosecution were instituted, I think it would be unfair to the defendant to give the government the option of proceeding either way.