---

## THE 6 S.

### (District Court, S. D. New York. May 28, 1917.)

1. NAVIGABLE WATERS ⬧26(½)—ILLEGAL DUMPING—LIBEL—MAINTENANCE.
   Under Act June 29, 1888, c. 496, 25 Stat. 209 (Comp. St. 1916, § 9933 et seq.), relating to illegal dumping in New York Harbor, and which in section 4 (section 9937) declares that any boat or vessel used or employed in violating any provisions of the act shall be liable to the pecuniary penalties imposed, and may be proceeded against summarily by way of libel in any District Court, the libel provided for may be maintained, in view of the use of the word "summarily," without any preceding criminal prosecution fixing liability; this being true despite the ordinary rule that

⬧For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*a* civil action for penalties, which is in the form of an action for debt, the qui tam action at common law, lies only when the penalty is fixed in amount.

**2. NAVIGABLE WATERS ☞3—HARBORS—ILLEGAL DUMPING—STATUTE—"SECTION."**

Act June 29, 1888, declares that the placing, discharging, or depositing by any process or in any manner of refuse, dirt, cinders, dredging, mud, etc., or any other matter, other than that flowing from street sewers and passing therefrom in a liquid form into the tidal waters in the harbor of New York, is forbidden, and that every person who shall aid, abet, authorize, or instigate a violation of this section shall be punished by fine or imprisonment, or both; such fine to be not less than $250 nor more than $2,500. Act Aug. 18, 1894, c. 299, § 3, 28 Stat. 360 (Comp. St. 1916, § 9935), amending section 3 of Act June 29, 1888, and providing penalties for certain enumerated offenses, declares in the last paragraph of that section that any person violating the provisions of the section shall be liable to a fine of not more than $500 nor less than $100. *Held*, that the word "section" was used in the last paragraph synonymously with "paragraph," and did not reduce the minimum penalty for illegal dumping in violation of Act June 29, 1888, to $100.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Section.]

In Admiralty. Libel against the tug Leonard Richards and the scow 6 S for illegal dumping in New York Harbor. Dismissed upon trial as to the tug. Decree on libel for minimum penalty.

This is a libel in rem against the tug Leonard Richards, dismissed upon the trial, and the scow 6 S, for illegal dumping in New York Harbor under Act June 29, 1888, as amended by Act Aug. 18, 1894. The fact of dumping within the limits of the harbor is admitted, but the claimant relies upon two points: First, that under section 4 of the act of June 29, 1888, no libel lies against the scow until the fine or penalty has been assessed against the owner or master in criminal proceedings; second, that under section 3, as amended by the act of August 18, 1894 (Comp. St. 1916, § 9935), the minimum penalty is $100 and not $250.

John Hunter, Jr., of New York City, for the United States.
A. Leo Everett, of New York City, for claimant.

LEARNED HAND, District Judge (after stating the facts as above). [1] The jurisdiction of this court depends upon the following language of section 4 of the act of June 29, 1888 (Comp. St. 1916, § 9937):

"Any boat or vessel used or employed in violating any provision of this act, shall be liable to the pecuniary penalties imposed thereby, and may be proceeded against, summarily by way of libel in any district court."

Normally, a civil suit for penalties is in the form of an action for debt, the qui tam action at common law; it lies only when the penalty is fixed in amount, except for a certain latitude for easy calculation. Stockwell v. U. S., 13 Wall. 531, 542, 20 L. Ed. 491; Carrol v. Green, 92 U. S. 509, 513, 23 L. Ed. 738; Hepner v. U. S., 213 U. S. 103, 108, 29 Sup. Ct. 474, 53 L. Ed. 720, 27 L. R. A. (N. S.) 739, 16 Ann. Cas.

960. That a civil proceeding will lie for the collection of an unliquidated penalty, if the purpose be plain, is of course true enough. United States v. Atlantic Fruit Co., 206 Fed. 440, 124 C. C. A. 322. In that case the decision seems to have turned upon the fact that any criminal prosecution under the statute was at least doubtful; besides, the suit was in personam, and it does not follow that a libel in rem would have lain, before the fine had been assessed.

In The Strathairly, 124 U. S. 558, 8 Sup. Ct. 609, 31 L. Ed. 580, it was pretty clearly indicated, however, that the lien was a security only for the fine, and that no libel would lie until it had been assessed. On page 572 of 124 U. S. (8 Sup. Ct. 609, 31 L. Ed. 580) the court spoke of an unliquidated penalty as though it must first be directly liquidated, and the final disposition of the cause on page 580 of 124 U. S. (8 Sup. Ct. 609, 31 L. Ed. 580), though perhaps not actually involving a decision, clearly shows that the court considered the criminal prosecution as a condition precedent. Were the section here in question drawn like Revised Statutes, § 4270, I should therefore feel bound to hold under that case that a criminal prosecution was such condition. It is a doubtful question, but I incline to think that the language used in section 4 of the act of June 29, 1888, was intended to be more drastic. That section does not in terms impose only a lien, though of course a lien arises; it imposes the penalties—i. e., the fines—upon the boat de novo, a change of expression, perhaps, not without significance.

Moreover, it provides that the boat "may be proceeded against summarily." I cannot quite see what the meaning of the word, "summarily" can be, if it does not include a libel without the condition precedent of a criminal prosecution. The statute is not, it is true, drawn with scientific paucity; but I must still give to all its words some significance, so long as I can, and if I hold that a criminal prosecution must precede a libel, it seems to me to fly in the face of the purpose so expressed. Whether the clause was intended to change the rule in The Strathairly, supra, which had just been decided, no one, of course, can say; but I think it did.

Judge Dodge, in The Scow No. 9 (D. C.) 152 Fed. 548, reached the same result upon the authority of The Scow 36, 144 Fed. 932, 75 C. C. A. 572. While that point was not expressly raised in The Scow 36, the statute (section 16 of the Act of March 3, 1899 [Comp. St. 1916, § 9921]), was in the same language as that at bar. In that case the court disposed of the case on the merits, as well as in The Anjer Head (D. C.) 46 Fed. 664, The Emperor (D. C.) 49 Fed. 751, and The Bombay (D. C.) 46 Fed. 665, where a recovery was awarded. It has been the uniform practice in this district since 1888 to entertain such libels, and this is the first case in which the question has been raised. If the court has no jurisdiction before conviction, I think the matter should be settled by the Supreme Court, to which I will certify the point, as the claimant asks.

[2] As to the amount of the fine, it is apparent that in the act of August 18, 1894, the word "section" is loosely used for "paragraph," and that there was no intention to change the penalties here in question.

Decree on the libel for the minimum penalty, $250, with costs.