## THE O. L. HALENBECK.

(Circuit Court of Appeals, Second Circuit. June 17, 1919.)

Nos. 63–70, 132, 133.

ADMIRALTY ☞28—DUMPING IN NEW YORK HARBOR—LIABILITY OF VESSEL TO PROCEEDING IN REM.

Under Act June 29, 1888, § 4 (Comp. St. § 9937), imposing a penalty on any person dumping outside designated grounds in New York Harbor, and further providing that any vessel used in violating its provisions "shall be liable to the pecuniary penalties imposed thereby, and may be proceeded against summarily by way of libel in any District Court" having jurisdiction, such suit in rem may be maintained and the penalty recovered independently of any criminal prosecution against the owner or master.

Appeals from the District Court of the United States for the Southern District of New York.

Suits in admiralty by the United States against the steam tug O. L. Halenbeck, Peter Cahill, claimant, and the scows 34–S, 9–S, and S–34, P. Sanford Ross, Incorporated, claimant; against the steam tug Juniata, the Forsyth Towing Line, claimant, and the scows S–39 and S–11, P. Sanford Ross, Incorporated, claimant; against the steam tug Joshua Lovett, the Taylor Dredging Company, claimant, and the scow 6–S, P. Sanford Ross, Incorporated, claimant; against the steam tug Bismarck, Peter Cahill, claimant, and the scow S–20, P. Sanford Ross, Incorporated, claimant; against the steam tug Imperial, the Cahill Towing Line, Incorporated, claimant, and the scow 11–S, P. Sanford Ross, Incorporated, claimant; and against the steam tug Anna W., Peter Cahill, claimant. Decrees for libelant against the scows, and their claimant appeals. Affirmed.

A decree in favor of the libelant in the sum of $250 was granted in each case, and the claimant appeals.

Everett, Clarke & Benedict, of New York City (A. Leo Everett, of New York City, of counsel), for appellant.

Francis G. Caffey, U. S. Atty., of New York City (John Hunter, Jr., Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before ROGERS, and MANTON, Circuit Judges, and KNOX, District Judge.

MANTON, Circuit Judge. These libels have been filed, and in each case there has been a decree for libelant; but, since the same question is involved in each appeal, we shall treat the questions presented in one opinion.

These causes are maintained in admiralty to recover a penalty pursuant to the provisions of Act June 29, 1888, c. 496, § 3, 25 Stat. 209, entitled "An act to prevent obstructive and injurious deposits within the harbor and adjacent waters of New York City, by dumping or otherwise, and to punish and prevent such offenses," as amended by further acts of Congress, to wit, on August 18, 1894 (28 Stat. 360, c. 299, § 3), and May 28, 1908 (35 Stat. 426, c. 212, § 8), being Comp. St. §

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

9935. The libels allege that the offending tugs dumped the load, or part thereof, of mud contained in the scows while bound for the dumping ground at some point without the dumping ground, contrary to the statute in such case made and provided.

The answers admit the facts, but set up as defense:

"That no proceeding, criminal or otherwise, has been instituted against the owner or master or person acting in the capacity of master of the scow or the owner or master or person acting in the capacity of master of said steam tug, and that since no conviction has been had of them or any of them, the District Court sitting in admiralty has no power to sit and determine the controversy or decree any penalty in the premises."

Thus the claimant contests the jurisdiction of the court in admiralty to proceed. Upon motion for judgment, moved by the libelant, the libels were dismissed as against the tugs and a penalty fixed at $250. The claimant further insists that the minimum penalty is $100 and not $250.

Section 4 of the Act of June 29, 1888 (Comp. St. § 9937), provides:

"Any boat or vessel used or employed in violating any provision of this act shall be liable to the pecuniary penalties imposed thereby, and may be proceeded against summarily by way of libel in any District Court of the United States, having jurisdiction thereof."

The act provides two methods of punishment, one by criminal information and indictment, and the other by way of libel in admiralty. It may therefore be considered both as a criminal and civil statute. Congress has provided protection and preservation for the navigable waters of the United States in the River and Harbor Act, approved March 3, 1899, c. 425, 30 Stat. 1121, 1151–1155, c. 425. It provides it to be unlawful—

"to throw, discharge, or deposit, or cause, suffer, or procure to be thrown, discharged, or deposited either from or out of any ship, barge, or other floating craft of any kind * * * any refuse matter of any kind or description whatever other than that flowing from streets and sewers and passing therefrom in a liquid state, into any navigable water of the United States." Section 13 (Comp. St. § 9918).

Section 16 of this act (section 9921) provides for pecuniary penalties for violation, which may be calculated by proceeding summarily by way of libel in any District Court of the United States having jurisdiction thereof, and the same section also provides that a fine may be imposed as a punishment for crime. This method of providing for the guilty making his amends to society for violations of the laws of the United States is not unusual. Illustrations may be found in the Immigration Act of February 5, 1917, c. 29, 39 Stat. 874, where it was sought to prevent the landing of aliens at any time or place other than as designated by immigration officers, and requires those in charge of the vessel carrying such aliens to comply with this requirement, and a failure thereof may be punished by a conviction with fine or imprisonment, or if, in the opinion of the Secretary of Labor, it is impracticable or inconvenient to prosecute, a penalty of $1,000 shall be a lien upon the vessel whose owner, master, officer or agent has violated the provisions of the act, and the vessel shall be libeled therefor in an appropriate proceeding in the United States court. Other sections of the Immigration

Act illustrate this permissible punishment in both criminal and civil proceedings, and by way of lien upon a vessel in rem in the admiralty court. This statute fixes a pecuniary liability of a minimum and maximum fixed amount for its violation, and when a definite and fixed amount is imposed, as a fine or penalty, suit may be maintained as an action for debt. Hepner v. U. S., 213 U. S. 103, 29 Sup. Ct. 474, 53 L. Ed. 720, 27 L. R. A. (N. S.) 739, 16 Ann. Cas. 960; Stockwell v. United States, 80 U. S. (13 Wall.) 531, 20 L. Ed. 491. The same right of action lies when the amount can be readily liquidated or is of easy calculation. Stockwell v. United States, supra; Carrol v. Green et al., 92 U. S. 509, 23 L. Ed. 738. This court recently held that a civil proceeding in personam may be maintained for the collection of an unliquidated penalty. United States v. Atlantic Fruit Co., 206 Fed. 440, 124 C. C. A. 322.

Some of the earlier cases seem to support the doctrine that a civil suit in the form of an action for debt may be maintained, even though the pecuniary liability is indefinite and uncertain as to the amount. United States v. Allen, 24 Fed. Cas. No. 14,431; United States v. Colt, 25 Fed. Cas. No. 14,839. But the language of the statute here provides that the vessel may be proceeded against "summarily" in any District Court of the United States having jurisdiction. If it be conceded that Congress had the power to provide this method of procedure and create a lien by statute, the natural and legal meaning of the phrase would give the right of proceeding in admiralty, irrespective of a precedent requirement that a criminal prosecution was successfully maintained. The language of the statute is plain, and we must accept it as granting the right to proceed immediately and directly without the delay incident to a previous prosecution under it. The purpose is plain to be, that the vessel be charged with a penalty with the right to proceed summarily as soon as the violation of the law appears.

In The Strathairly, 124 U. S. 558, 8 Sup. Ct. 609, 31 L. Ed. 580, the language of the Supreme Court indicates, without deciding, that a criminal prosecution was required as a condition precedent to successfully maintaining a libel to enforce a lien granted by the statute (section 4270, Rev. Stat.) as security for a fine, and that no libel could be maintained until it had been assessed. The court there decided that the fine imposed upon the master of the vessel was made a lien upon the vessel by the statute which may be recovered by a proceeding in rem and that it was the same penalty which is to be judged against the master himself in a criminal prosecution, saying further, that payment by either is a satisfaction of the whole liability.

This authority must be considered in light of the language of section 4 (Comp. St. § 9937), which is more specific and provides both a lien upon the vessel and the procedure for its enforcement. This construction, involving similar phraseology in statutes of the United States, has met the approval of judges of other districts. The Missouri, 9 Fed. Cas. No. 9652; United States v. The Queen, Fed. Cas. Nos. 16,107, 16,-108; Scow 36, 144 Fed. 932, 75 C. C. A. 572; No. 6 (D. C.) 247 Fed. 348.

Section 3 of the statute (section 9935) further provides that any person violating the provisions of this section shall be liable to a fine of not

more than $500 or less than $100. It is clear that Congress had in mind fixing the penalty for any of the acts forbidden as provided for in the five paragraphs. No penalties were fixed anywhere for violation of these paragraphs except by this provision. Undoubtedly, it was intended that the word "section" in the sentence quoted above was intended for "paragraph."

After the writing, and before the filing of this opinion, the Supreme Court of the United States in P. Sanford Ross, Inc., v. United States, 250 U. S. 269, 39 Sup. Ct. 452, 63 L. Ed. —— (decided June 2, 1919), held against the contentions of the appellant which are urged upon us in these appeals. There the court said:

"The act of Congress here in question imposes a direct liability upon the vessel for the pecuniary penalties prescribed, and declares that it may be proceeded against summarily by libel in any District Court of the United States having jurisdiction thereof. This precludes the idea that the proceeding by libel is to be deferred to await the possibly slow course of criminal proceedings against the person individually responsible. It treats the offending vessel as a guilty thing, upon the familiar principle of the maritime law, and permits a proceeding against her in any court of admiralty 'having jurisdiction thereof'—meaning any court within whose jurisdiction she may be found."

The decrees are affirmed.