## THE PANOIL.[1]

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 139. Argued December 10, 1924.—Decided January 5, 1925.

The District Court has not admiralty jurisdiction of a libel *in rem* against a vessel for damages caused by its colliding with a spur dike, a structure mainly of wood, driven into the bed and extending out from the bank of a navigable river, the purpose of which is to improve the channel, in aid of navigation, by producing shore deposits through a slackening of water flow. P. 434.

Affirmed.

APPEAL from a decree of the District Court in admiralty which dismissed a libel for want of jurisdiction.

*Mr. J. Frank Staley*, Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck* was on the brief, for the United States.

We read the opinions in *The Raithmoor*, 241 U. S. 166, and *The Blackheath*, 195 U. S. 361, as determining that, as the dike was a government public work, built and maintained as an aid to navigation, the court had jurisdiction.

*Cleveland Terminal & Valley R. R. Co.* v. *Cleveland S. S. Co.*, 208 U. S. 316, and *The Troy*, 208 U. S. 321, involved the questions whether admiralty had jurisdiction over claims for damages caused by vessels to docks and piers, or the abutments of bridges. This Court denied jurisdiction, because "none of these structures were aids to navigation in the maritime sense but extensions of the shore and aids to commerce on land as such."

*The Poughkeepsie*, 212 U. S. 558, upon authority of the bridge and dock cases, denied jurisdiction for damages

---

[1] The docket title of this case is *United States* v. *Steamship "Panoil."*

by vessel to pipes in the bed of the river. These pipes were being used for the purpose of locating a tunnel aqueduct under its bed. There the structures had prospectively an immediate relation to land and an exclusive anticipated connection with commerce on land.

In *Martin* v. *West,* 222 U. S. 191, this Court discussed the question whether damage to a bridge injured by collision with a vessel was the subject of a maritime tort.

In *Southern Lighterage Co.* v. *United States,* 260 U. S. 699, this Court affirmed, by an equally divided court, without opinion, a decree of the District Court, which held that the admiralty did not have jurisdiction over a claim for injuries to a cluster of mooring pilings damaged by a vessel. The District Court (284 Fed. 978) determined that the piling, if it served any purpose, was for mooring vessels or keeping them in deep water when unloading, without regard to aiding navigation.

*Mr. Walter Carroll,* with whom *Mr. George H. Terriberry, Mr. Joseph M. Rault* and *Mr. W. W. Young* were on the brief, for appellee.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

The United States libeled the Steamship "Panoil" and asked a decree for two thousand dollars because of damage inflicted upon spur dike No. 5, a structure extending into the Mississippi River. Upon exception duly taken the District Court correctly concluded that it lacked jurisdiction of the matter and dismissed the libel.

In order to deflect the current and cause it to deepen the channel at the mouth of the river the United States built submerged dikes and sills, composed of willow mattresses weighted down with stone; also several spurs. Spur dike No. 5, located near the "Head of the Passes," consists of a cribwork of round piles, hewn walings and

sawn cross braces, all securely bolted together, with a curtain of round piles bolted against the upstream face. It is driven into the bed of the river and extends out about seven hundred feet from the east bank, approximately at right angles to the channel. Its special purpose is to slacken the current, induce deposits of sediment and eventually build out the shore; and in this way to improve the channel and aid navigation. Proceeding in a thick fog the " Panoil " struck this dike, shoved thirty feet of the channel end upstream, and so damaged it as to require rebuilding at an expense of two thousand dollars.

Appellants maintain that as the dike is an aid to navigation the court below had jurisdiction of the alleged tort, within the doctrine of *The Blackheath,* 195 U. S. 361, and *The Raithmoor,* 241 U. S. 166. We think the principle of those cases does not go so far. The dike constitutes an extension of the shore, and must be regarded as land. The mere fact that its presence may affect the flow of the water and thereby ultimately facilitate navigation is not enough to bring the injury within the admiralty jurisdiction. *Cleveland Terminal & Valley R. R. Co.* v. *Cleveland S. S. Co.,* 208 U. S. 316; *The Troy, id.* 321.

*Affirmed.*