## THE GANSFJORD.

(District Court, E. D. Louisiana. February 8, 1927.)

No. 18531.

Admiralty ⊜19—Navigable waters; District Court held to have admiralty jurisdiction of libel against vessel for damages caused by collision with jetty (Rivers and Harbors Act March 3, 1899, §§ 14, 16 [Comp. St. §§ 9919, 9921]).

Rivers and Harbors Act March 3, 1899, §§ 14, 16 (Comp. St. §§ 9919, 9921), makes it unlawful to injure, or in any manner impair the usefulness of, any sea wall, jetty, etc., built by the United States for the preservation or improvement of its navigable waters, makes any person or corporation violating its provisions guilty of a misdemeanor, and provides that any vessel used or employed in violating such provisions shall be liable for the pecuniary penalties specified, and in addition for the amount of the damages done by said vessel, and may be proceeded against summarily by way of libel in any District Court having jurisdiction. Held, that a libel in rem against a steamship, to recover damages caused by negligently striking and injuring a jetty on the Mississippi river, was within the admiralty jurisdiction, and could be maintained independently of any criminal proceedings against the owner or master.

In Admiralty. Suit by the United States against the steamship Gansfjord. On exception to libel. Exception overruled.

Edmond E. Talbot, Asst. U. S. Atty., of New Orleans, La., for the United States.

John D. Grace, of New Orleans, La., for respondent.

BURNS, District Judge. The United States attorney exhibits a libel on behalf of the United States of America against the steamship Gansfjord for damages caused by a collision of the said vessel with a jetty wall at or near Southwest Pass, wherein he alleges that the vessel was negligently navigated, not properly controlled, not operated

in a proper, skillful, and seamanlike manner, not properly manned, and that it was navigated too close to the shore, not taking proper account of the prevailing weather and fog conditions, nor maintaining a proper lookout; that under sections 14 and 16 of the Rivers and Harbors Act of March 3, 1899 (30 Stat. 1152, 1153 [Comp. St. §§ 9919, 9921]), the vessel is liable for the damages to the jetties. Wherefore he prays that a writ of attachment and monition issue in due form of law against the said vessel, and that she be seized, and that all parties having any interest in same may be cited to appear, and that she may be decreed to pay for the said damages in the sum of $2,556.37, with interest and costs, and be condemned and sold to pay same.

The claimant, as owner of the vessel, files an exception to the libel, contending that libelant does not present a cause or right of action cognizable in a court of admiralty, and that this court is therefore without jurisdiction.

In support of this exception, claimant argues that, the action being based upon a tort, the question of the jurisdiction of this federal court, sitting as a court of admiralty, must be determined by the character of the property and the locality where the damage occurred; that such a tort must be on or in navigable waters, and the property damage must be maritime in character, which is determined by the locality of the thing injured, and not by the character of the agent which causes injury.

The case entitled United States of America v. The Panoil, 266 U. S. 433, 435, 45 S. Ct. 164, 165, 69 L. Ed. 366, is cited, wherein the United States government proceeded against a vessel as for a tort to recover the measure of damages to a spur dike extending into the Mississippi river, and wherein the libel was dismissed for want of admiralty jurisdiction. The Supreme Court held that such a spur dike was shore property and that it was not an aid to navigation but an extension of the shore and must be regarded as land, notwithstanding its presence may affect the flow of the water and thereby ultimately facilitate navigation.

Claimant also cites Cooley, Const. Lim. p. 88, to the effect that in every case the sole question must be whether the constitutional grant of jurisdiction includes or excludes the particular claim; that, in determining the jurisdiction of a court of admiralty, neither desirability nor convenience can be regarded; and, further, not only must the damaged property be located in or on navigable waters within the admiralty jurisdiction, but the damaged property must itself possess a maritime character—citing a number of cases, including Cleveland, T. & V. R. Co. v. Cleveland S. S. Co., 208 U. S. 316, 321, 28 S. Ct. 414, 415, 52 L. Ed. 508, 512 (13 Ann. Cas. 1215), in which the Supreme Court approvingly quotes from Johnson v. Chicago & P. Elevator Co., 119 U. S. 388, 7 S. Ct. 254, 30 L. Ed. 447:

"'Under the decisions of this court in the Plymouth [3 Wall. 20, 18 L. Ed. 125] and in Ex Parte Phenix Ins. Co., supra [118 U. S. 610, 7 S. Ct. 25, 30 L. Ed. 274] at the present term, it must be held that the cause of action in this case was not a maritime tort of which a District Court of the United States, as a court of admiralty, would have jurisdiction, and that the remedy belonged wholly to a court of common law; the substance and consummation of the wrong having taken place on land, and not on navigable water, and the cause of action not having been complete on such water.' "It is unnecessary to cite the numerous cases to the same effect to be found in the books. The rule stated has been accepted generally by bench and bar, and has never been overruled."

I am persuaded that the libel in the instant case might be dismissed upon the same grounds and for the same reasons assigned in the Panoil Case, except for the statutory authority upon which the proceeding is brought, and which brings it within the category of those quasi criminal statutes which provide for the imposition of fines, penalties, and forfeitures. Ordinarily, where misdemeanors are defined, the fines or penalties are collectible in suits at law, affording trial by jury, and forfeitures are obtained by proceedings in rem. Section 16 of the Rivers and Harbors Act, in addition to pecuniary penalties for the misdemeanors defined by preceding sections, additionally provides that vessels may be proceeded against summarily by way of libel for the amount of the damage occasioned.

For the purposes of this case section 14 may be read as follows:

"It shall not be lawful for any person or persons to * * * in any manner whatever impair the usefulness of any seawall, bulkhead, jetty, levee, wharf, pier, or other work built by the United States. * * *"

And section 16 may be read as follows:

"Every person and every corporation that shall violate, or that shall injure, aid, abet, authorize or instigate a violation of the provisions of section * * * 14 of this act shall be guilty of misdemeanor and on

conviction thereof shall be punished * * * and any boat, vessel, scow, raft or other craft used or employed in violating any of the provisions of section * * * 14 * * * of this act shall be liable for the pecuniary penalties specified in this section and in addition thereto for the amount of the damages done by said boat, vessel, scow, raft or other craft, which latter sum shall be placed to the credit of the appropriation for the improvement of the harbor or waterway in which the damage occurred, and said boat, vessel, scow, raft, or other craft may be proceeded against summarily by way of libel in any District Court of the United States having jurisdiction thereof."

In The Scow 6–S, 250 U. S. 269, 39 S. Ct. 452, 63 L. Ed. 977, the Supreme Court considered the Act of June 29, 1888, c. 496, 25 Stat. 209, as amended (Comp. St. 9933–9935, 9937, 9938), in which section 4 of that act (Comp. St. § 9937) provided that "any boat or vessel used or employed in violating any provision of this act, shall be liable to the pecuniary penalties imposed thereby, and may be proceeded against, summarily by way of libel in any District Court of the United States, having jurisdiction thereof," and concluded that libels of this character, without previous conviction of the responsible persons, have been entertained under this act from the time of its enactment, and dealt with upon the merits without question as to the jurisdiction, in support of which a number of cases are cited at page 272 of the opinion (39 S. Ct. 453).

Continuing, the opinion recites that there is no difficulty, on constitutional or other grounds, about assessing an unliquidated fine in the admiralty, and, if it be in a proceeding for the enforcement of a penalty or forfeiture incurred under a law of the United States, within the meaning of the ninth subdivision of section 24, Judicial Code (Comp. St. § 991), the act of 1888 itself confers jurisdiction.

It seems to me that a proceeding by libel under the Rivers and Harbors Act of March 3, 1899, for the collection of the damages, in addition to the fines and penalties, is no less authorized, and that its own sixteenth section confers jurisdiction no less than section 4 of the act of 1888, which the Supreme Court had under consideration; that it is immaterial whether criminal proceedings have been brought or prosecuted against the master, or any other persons chargeable with the misdemeanors defined by the statute, or whether the unliquidated damages be considered as an additional penalty imposed on the vessel as the offending thing, because the statute seems clearly to contemplate a proceeding by libel in rem to enforce a specific lien or privilege in favor of the government and against the vessel for all fines or penalties that may be imposed against such persons as may participate in the offense, and, additionally, for the amount of such damage as may be occasioned thereby.

To the same effect is a decision of the Circuit Court of Appeals, Second Circuit, in a case entitled The O. L. Halenbeck, 260 F. 554, wherein the jurisdiction of the District Court was maintained, and it was further held that such a suit in rem may be maintained and the penalty recovered independently of any criminal prosecution against the owner or master, concluding an elaborate consideration of the authorities by a quotation from the Supreme Court's decision in the case of The Scow 6–S, cited supra, to this effect:

"The act of Congress here in question imposes a direct liability upon the vessel for the pecuniary penalties prescribed, and declares that it may be proceeded against summarily by libel in any district court of the United States having jurisdiction thereof. This precludes the idea that the proceeding by libel is to be deferred to await the possibly slow course of criminal proceedings against the person individually responsible. It treats the offending vessel as a guilty thing, upon the familiar principle of the maritime law, and permits a proceeding against her in any court of admiralty 'having jurisdiction thereof'—meaning any court within whose jurisdiction she may be found."

Accordingly the exception will be dismissed, and the claimant allowed 10 days in which to answer upon the merits.