## AKTIESELSKABET DAMPSKIB GANS-FJORD et al. v. UNITED STATES. *

Circuit Court of Appeals, Fifth Circuit.
April 22, 1929.

No. 5340.

John D. Grace, M. A. Grace, and Edwin H. Grace, all of New Orleans, La. (John D. Grace, M. A. Grace, Edwin H. Grace, and Daniel H. Grace, all of New Orleans, La., on the brief), for appellants.

E. E. Talbot, U. S. Atty., of New Orleans, La.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The steamship Gansfjord was libeled for the alleged amount of damages caused to the inner East jetty of East South Pass, Mississippi river, by her running into and colliding with that jetty. The libel was excepted to on the ground that it stated no cause or right of action cognizable in a court of admiralty, and that the court was without jurisdiction to entertain the libel. That exception was overruled.

The libel on its face showed that it was filed under sections 14 and 16 of the Rivers and Harbors Act of March 3, 1899, 30 Stat. 1152, 1153; 33 U. S. C. §§ 408, 411, and 412 (33 USCA §§ 408, 411, 412). The first mentioned section provides: "It shall not be lawful for any person or persons to * * * in any manner whatever impair the usefulness of any sea wall, bulkhead, jetty, dike, levee, wharf, pier, or other work built by the United States. * * *"

Section 16 contains the following: "And any boat, vessel, scow, raft, or other craft used or employed in violating any of the provisions of Section * * * 14 * * * of this act shall be liable for the pecuniary penalties specified in this section, and in addition thereto for the amount of the damages done by said boat, vessel, scow, raft, or other craft, which latter sum shall be placed to the credit of the appropriation for the improvement of the harbor or waterway in which the damage occurred, and said boat, vessel, scow, raft, or other craft may be proceeded against summarily by way of libel in any district court of the United States having jurisdiction thereof."

The libel contained allegations showing that the usefulness of the jetty mentioned was impaired by being run into by the Gansfjord while she was in charge of named persons, and that a stated amount of damage to that jetty was done by the Gansfjord while so used or employed by the persons named. The injury alleged being to a structure which is to be regarded as land was not cog-

nizable in a court of admiralty. The Panoil, 266 U. S. 433, 45 S. Ct. 164, 69 L. Ed. 366. The libel did not purport to be one in admiralty, being filed on the law side of the court, and a jury being waived by written agreement of the parties. The statute does not indicate a purpose to require resort to a court of admiralty when the cause of action relied on is one not within the admiralty jurisdiction. It is not uncommon for such a remedy as the statute provides for to be authorized to be employed against a thing which is made use of in violating a law. Four Hundred and Forty-Three Cans of Frozen Egg Product v. U. S., 226 U. S. 172, 33 S. Ct. 50, 57 L. Ed. 174; Dobbins's Distillery v. United States, 96 U. S. 395, 24 L. Ed. 637. An offending thing, instead of being made subject to forfeiture because of the unlawful use of it, enforceable by a proceeding in rem against it, may be made liable for damages caused by its unlawful use, and that liability made enforceable by the same kind of proceeding. The Scow 6–S, 250 U. S. 269, 39 S. Ct. 452, 63 L. Ed. 977. The provision of the statute, making it unlawful for any person in any manner whatever to impair the usefulness of a jetty, was violated by the persons in charge of the Gansfjord running her into and damaging the jetty, and the statute made that vessel liable for the amount of the damages so caused, and, for the recovery of that amount, authorized the libeling of the vessel in the district court of the district in which the wrong was committed. We are of opinion that the exception to the libel was properly overruled.

The material allegations of the libel were sustained by evidence. It was not error to adjudge that the Gansfjord was liable for the amount of damage caused to the jetty by colliding with it. The decree is affirmed.