24

Silas B. Axtell, of New York City (Charles A. Ellis, of New York City, of counsel), for appellant.

E. C. Sherwood, of New York City (William B. Davis, of New York City, of counsel), for appellee.

Before L. HAND, SWAN and CHASE, Circuit Judges.

PER CURIAM.

The question upon which this case turns is whether the plaintiff may recover under the Jones Act (section 688, title 46, U.S. Code, 46 .U.S.C.A. § 688), or whether he is confined to the Pennsylvania Workmen's Compensation Act (77 P.S.Pa. § 1 et seq.). His right to compensation under the Longshoremen's & Harbor Workers' Compensation Act (section 901 et seq., title 33, U.S. Code, 33 U.S.C.A. § 901 et seq.) turns on the same considerations. He was a diver, employed to help in building the foundation for a pier of a bridge across the Ohio river at Pittsburgh. This foundation consisted of a rectangular steel caisson which had been floated into position and sunk by filling its hollow parts with concrete. Dredges then dug away the bottom beneath it until it rested upon solid rock, after which concrete walls were built upon it, though not up to the surface of the water. On top of the concrete rested a cofferdam of timber which rose above the surface, and within which a superstructure was to be built. The caisson and the concrete above it did not fill the whole area of the rectangle, which was divided into compartments by cross sections; the cofferdam was also divided by struts into compartments above these wells. The plaintiff testified, and we are therefore to assume, that one end of the cofferdam had separated from the concrete by about four feet, but it was to be refastened, and even as it was, its bottom was below the surface of the water, so that nothing afloat could pass into the inclosure of its wooden sides. The plaintiff had been inside the cofferdam and left it to lay a charge of dynamite around a boulder twenty-five feet away, which was blocking the approach of the dredges which in turn obstructed the channel as they lay. After laying the charge he came back inside the cofferdam and was standing either on a ladder or a rudely fashioned raft which floated in one of the compartments. While there a negligent fellow workman prematurely fired the charge and caused the injuries.

Though the Jones Act goes as far as Congress has power to reach (Lindgren v. United States, 281 U.S. 38, 46, 47, 50 S.Ct. 207, 74 L.Ed. 686), it is nevertheless confined to navigable waters (Smith & Son v. Taylor. 276 U.S. 179, 48 S.Ct. 228, 72 L.

Ed. 520; Minnie v. Port Huron Terminal Co., 295 U.S. 647, 55 S.Ct. 884, 79 L.Ed. 1631). Therefore even though the plaintiff be a "seaman," a question which we need not answer, he cannot recover unless he was within those waters. In Millers' Indemnity Underwriters v. Braud, 270 U.S. 59, at page 64, 46 S.Ct. 194, 195, 70 L.Ed. 470, the deceased, also a diver, was cutting away obstructions in the bottom of the channel where he stood; and it was this which led the court to say that the liability was subject to "the general admiralty jurisdiction." That language is not applicable here, because a man injured while at work upon a pier or abutment, even though that projects into navigable water, is not within the "general admiralty jurisdiction." Cleveland Terminal & Valley R. Co. v. Cleveland S. S. Co., 208 U.S. 316, 28 S.Ct. 414, 52 L.Ed. 508, 13 Ann.Cas. 1215; The Troy, 208 U.S. 321, 28 S.Ct. 416, 52 L.Ed. 512; State Industrial Commission v. Nordenholt Corp., 259 U.S. 263, 275, 42 S. Ct. 473, 66 L.Ed. 933, 25 A.L.R. 1013; The Panoil, 266 U.S. 433, 45 S.Ct. 164, 69 L. Ed. 366. The plaintiff answers that he was engaged in blasting away a boulder which lay outside the caisson and that his work was in aid of navigation. The Blackheath, 195 U.S. 361, 25 S.Ct. 46, 49 L.Ed. 236; The Raithmoor, 241 U.S. 166, 36 S. Ct. 514, 60 L.Ed. 937. That argument confuses the character of the work with the place of the tort. It may be that because his immediate concern was to relieve navigation, this outweighed the fact that the need for that relief had been occasioned by the bridge and that he may be said to have been engaged in aiding navigation; but even so, it is the place of the injury which counts, and that was a pier, which, unlike the beacon in the two cases just cited, is not an aid, but rather an obstruction, to navigation. Nor does it matter if the plaintiff was upon the raft floating within a compartment of the cofferdam. It is true that there were a few feet of water above the concrete which topped the caisson; it is also true that the cofferdam was a temporary structure which was to give place to the superstructure of the pier when it was completed. But the space which it already occupied had been permanently withdrawn from the river; no vessel, however small, could go there; it was no longer a part of the navigable waters of the United States; it was as little so as when the pier should have been set on the concrete and the cofferdam torn away. The water in the compartments was no more a part of the river than if it had been withdrawn to an inland reservoir. The locus was therefore within the sole jurisdiction of the state, whose laws alone determined liability.

Judgment affirmed.

Circuit Court of Appeals, Second Circuit.
July 13, 1936.