### THE DIXIE.

No. 530.

District Court, S. D. Texas, Houston Division.

May 9, 1939.

On Motion to Transfer Nov. 15, 1939.

Douglas W. McGregor, U. S. Atty., and Brian S. Odem, Asst. U. S. Atty., both of Houston, Tex., for libellant.

Royston & Rayzor and John R. Brown, all of Houston, Tex. for claimants.

KENNERLY, District Judge.

This is a suit in Admiralty by the United States of America against the Tugboat "Dixie", alleging that the "Dixie", while moving down stream in the waters of Bayou Teche at or near Jeanerette, Louisiana, with two loaded oil barges in tow, collided with and damaged the Government's bridge across Bayou Teche. The suit is for damages to the bridge and is apparently brought in Admiralty because of the language of the latter part of Section 412, Title 33, United States Code Annotated, reading as follows: "and said boat, vessel, scow, raft, or other craft may be proceeded against summarily by way of libel in any district court of the United States having jurisdiction thereof."

Claimants of the "Dixie" have moved to dismiss on the ground that it is not a case cognizable in Admiralty. I think Claimants are right, and that it is not a case cognizable in Admiralty. The Panoil, 266 U.S. 433, 45 S.Ct. 164, 69 L.Ed. 366. Aktieselskabet Dampskib Gansfjord v. United States, 5 Cir., 32 F.2d 236. The District Courts of the United States have jurisdiction of many cases of libel which are not cases cognizable in Admiralty. I think this is one of that class of cases.

The Motion to Dismiss the case as one not cognizable in Admiralty is granted. Neither in the pleadings nor in the briefs is there a suggestion that the case may be transferred to the Civil Action Docket instead of being dismissed, and that question is not, therefore, determined.

On Motion to Transfer.

On May 9, 1939; this Court held that this suit is not one cognizable in Admiralty. The Government now moves to transfer the case from this, the United States District Court sitting as a Court of Admiralty, to the United States District Court sitting as a Court of Law or Equity.

I do not think that The Gansfjord, D.C., 17 F.2d 613, The Gansfjord, D.C., 25 F.2d 736, and Aktieselskabet Dampskib Gansfjord v. United States, 5 Cir., 32 F.2d 236, 237, support the Government's Motion. In the absence of a Statute, I think this Court as a Court of Admiralty is without power to transfer the case to a Court of Law or Equity.

The Motion will, therefore, be denied.