## WATSON v. PROVIDENCE WASHINGTON INS. CO.
### No. 6529.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 9, 1953.

Decided Jan. 27, 1953.

R. E. Whitehurst, New Bern, N. C. (J. F. Duncan, Beaufort, N. C., and H. P. Whitehurst, New Bern, N. C., on the brief), for appellant.

Robert C. Howison, Jr., and William T. Joyner, Jr., Raleigh, N. C. (W. T. Joyner, Raleigh, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for defendant in an action on a policy of marine insurance. This action was instituted in a state court and was removed into the court below on the ground of diversity of citizenship and was docketed as a civil action. In a reply filed to the answer and counterclaim of the defendant, plaintiff demanded a jury trial of the issues raised in the pleadings "in accordance with rule 38 of Civil Procedure". The demand for trial by jury was subsequently waived and trial was had before the District Judge without a jury; but trial was had in accordance with the rules of civil procedure, depositions being taken pursuant to the rules and motions to dismiss being made pursuant to rule 41(b) at the conclusion of plaintiff's testimony and again at the end of the entire evidence. The trial judge entered judgment for defendant on September 2, 1952 in accordance with findings of fact and conclusions of law and an opinion filed on that date. Not until October 10, 1952 was notice of appeal given, although an order allowing appeal appears in the record bearing date of October 7. Both dates were more than 30 days after the entry of judgment. Motion to dismiss the appeal is made on the ground that it was not taken within 30 days as required by the Rules of Civil Procedure, 28 U.S.C.A. The only excuse given for not taking it in time is that the case was tried under the principles which would have been applicable if it had been tried as a suit in admiralty and that it was taken within the time allowed for admiralty appeals.

The motion to dismiss the appeal must be allowed. While the case might have been brought either at law or in admiralty, it is perfectly clear that it was brought and prosecuted throughout as an action at law, and that any appeal from the judgment rendered therein was governed by rule 73(a) of the Rules of Civil Procedure which prescribes a time limit of 30 days for taking an appeal. This time limit may be extended only by the District Court and then only upon a showing of excusable neglect based upon failure to learn of the entry of the judgment. See Creedon v. Smith, D.C., 8 F.R.D. 162; Brainard v. Joy Mfg. Co., D.C., 9 F.R.D. 625; St. Luke's Hospital v. Melin, 8 Cir., 172 F.2d 532; Deena Products Co. v. United Brick & Clay Workers of America, 6 Cir., 195 F.2d 612. There is grave doubt whether the

District Court itself could have ordered a case brought at law to be transferred to admiralty. See, The Dixie D.C., 30 F.Supp. 215; but certainly the plaintiff, after bringing at law a case properly cognizable within that jurisdiction, could not switch from the law to the admiralty jurisdiction and follow in appealing from the judgment at law the practice applicable in appealing from a decree in admiralty. The fact that the judgment at law applied principles which would have been applied if the case had been brought in admiralty is immaterial. Doucette v. Vincent, 1 Cir., 194 F.2d 834.

As the appeal must be dismissed, we are without jurisdiction to deal with the merits. We think it not inappropriate to say, however, that we have examined the record and find therein no sufficient basis for disturbing the findings of the trial judge if we had jurisdiction.

Appeal dismissed.