## NILSSON
### v.
### AMERICAN OIL CO.
### No. 1203.

United States District Court,
S. D. Texas, Houston Division.
Jan. 20, 1954.

KENNERLY, Chief Judge.

■ This is a suit or proceeding in Admiralty, filed July 13, 1953, and pending on the Admiralty Docket of the Court. It is brought by Libellant, Gustav W. Nilsson, in personam, against Respondent, American Oil Company. Libellant sues for $15,000 damages to his person and $7,500 maintenance, alleged to have resulted from and become owing to him because of injuries alleged to have been received by him during February, March and April, 1953, while he was employed as a seaman on the SS "Pan Amoco." Such Steamship is alleged to have been owned and operated by Respondent. While Libellant does not say so in his Libel, he does say in his Motion that his suit for damages is under the Jones Act, Section 688, Title 46 U.S.C.A. On August 5, 1953, Libellant filed Amended Libel. On August 28, 1953, Respondent answered to the merits. On December 14, 1953, Libellant filed his Motion to Transfer the case to the Civil Action Docket.[1] Respondent has filed no response to such Motion. This is a hearing on such Motion.

(a) Libellant alleges in effect that the matter in controversy exceeds the sum or value of $3000, exclusive of interest and costs, and also alleges in effect Diversity of Citizenship between Libellant and Respondent.[2]

(b) As stated, Libellant sues for damages for personal injuries due to the alleged negligence of Respondent as owner, and of the alleged negligence of the master, officers, crew, agents, etc., of the Steamship.[3]

---

Mandell & Wright, Herman Wright, Houston, Tex., for libellant.

Royston & Rayzor, Houston, Tex., M. L. Cook, Houston, Tex., for respondent.

1. In such Motion, Libellant says:
"This cause of action is one for personal injuries received by a seaman through the alleged negligence of his employer, its agents, servants or employees. Suit was brought without prepayment of costs under the Seaman's Act. 28 U.S.C.A. § 1916. Under the rights given him under the Jones Act, Section 688, Title 46 of the United States Code Annotated Libellant now desires to bring and maintain his cause of action as one at Law, and respectfully moves this Honorable Court to transfer the above styled matter from the Admiralty to the Civil Action Side of the Docket of this Court."

2. Allegations of diversity of citizenship are not necessary in suit under the Jones Act. McCarthy v. American Eastern Corp., 3 Cir., 175 F.2d 724, certiorari denied by Supreme Court, 338 U.S. 868, 70 S.Ct. 144, 94 L.Ed. 532 and 338 U.S. 939, 70 S.Ct. 343, 94 L.Ed. 579. Branic v. Wheeling Steel Corp., 3 Cir., 152 F. 2d 887, certiorari denied by Supreme Court, 327 U.S. 801, 66 S.Ct. 902, 90 L. Ed. 1026.

3. The allegations of negligence are in part as follows:
"Libellant alleges that his said injuries, illness, diseases and complications there-

(c) Libellant also sues for maintenance.[4]

1: The questions for decision are whether this Court now has Jurisdiction of the subject matter and the parties, and whether it would still have Jurisdiction if the case be, as Libellant puts it, transferred to "the Civil Action side of the Docket of this Court."

■ 2: At the outset, Respondent orally calls attention to the unreported Memorandum Opinion of this Court (Kennerly, Judge), dated November 15, 1939 (A.D. No. 530, United States v. Tugboat "Dixie"). In that case, which was, as this one, brought in admiralty, this Court refused a Motion of the Government to transfer it to the law side. While not disclosed by the Opinion,[5] such refusal was because this Court, as a Court of Admiralty, had no jurisdiction whatever of either the parties or the subject matter of that suit. Here, this Court has jurisdiction in admiralty both of the suit for damages under the Jones Act and the suit for maintenance. Panama R. R. Co. v. Johnson, 264 U.S. 375, 379, 44 S.Ct. 391, 68 L.Ed. 748.

3: Clearly this Court would under the wording of Libellant's Libel have jurisdiction of this case if it be transferred to the Civil Action Docket. This view is fully supported by the cases and particularly those in this Circuit. Lykes Bros. S. S. Co. v. Grubaugh, 5 Cir., 128 F.2d 387, and 5 Cir., 130 F.2d 25.

■ 4: If questions of Venue are involved Panama R. R. Co. v. Johnson, supra, they have been waived by Respondent's Answer to the merits on both the cause of action for maintenance and for damages under the Jones Act.

■ 5: Since this Court has jurisdiction of this case in admiralty and would have jurisdiction thereof if it be transferred to the civil action docket, I think such transfer should be made. Cannella v. Lykes Bros., 2 Cir., 174 F.2d 794; U. S. ex rel. Pressprich & Son Co. v. James W. Elwell & Co., 2 Cir.,

of, as aforesaid, were proximately caused and contributed to be caused by the negligence of the Respondent, its master, owners, officers, members of the crew, and agents, in the following, among other particulars, to-wit:

"(1) In that Libellant was not provided with a seaworthy vessel;

"(2) In that Libellant was not provided with a safe place in which to live while aboard said vessel;

"(3) In that Libellant's quarters were not provided with proper and adequate ventilation, and were without ventilation devices in good working order;

"(4) In that Respondent failed and refused to provide Libellant's quarters with proper adequate ventilation;

"(5) In that the ventilation facilities provided for Libellant's quarters were defective, or ineffective;

"(6) In that Libellant's sleeping quarters were allowed to become wet, unhealthy and unsanitary;

"(7) In that Libellant was not provided with a safe, dry and ventilated quarters in which to live;

"(8) In that Libellant was not provided with proper medical examinations and treatment, while a member of the crew of said vessel."

4. Libellant's allegations as to maintenance are as follows:

"Libellant alleges that by reason of the injuries and illness sustained, as above alleged, he is entitled to maintenance; that even though the payment of a reasonable maintenance has been requested of the Respondent, the Respondent has failed and refused to pay same, so that the Libellant is entitled to recover of and from the Respondent his maintenance in the total amount of Seven Thousand Five Hundred Dollars ($7,500.00)."

5. The Memorandum Opinion in A.D.No. 530, is as follows:

"On May 9, 1939, this Court held that this suit is not one cognizable in Admiralty. The Government now moves to transfer the case from this, the United States District Court sitting as a Court of Admiralty, to the United States District Court sitting as a Court of Law or Equity.

I do not think that The Gansfjord, D. C., 17 F.2d 613, The Gansfjord, D.C., 25 F.2d 736, and Aktieselskabet Dampskib Gansfjord, v. U. S., 5 Cir., 32 F.2d 236, 237, support the Government's Motion. In the absence of a Statute, I think this Court as a Court of Admiralty is without power to transfer the case to a Court of Law or Equity.

The Motion will, therefore, be denied."

250 F. 939; Owens v. Breitung, 2 Cir., 270 F. 190, 193; Cory Bros. & Co. v. U. S., 2 Cir., 51 F.2d 1010; Prince Line v. American Paper Exports, 2 Cir., 55 F.2d 1053; O'Neill v. Cunard White Star, 2 Cir., 160 F.2d 446.

Let proper Order be drawn and presented, so transferring the case.