Theophil W. STREULE, Jr., Appellant,

v.

**NORFOLK AND DEDHAM MUTUAL FIRE INSURANCE COMPANY, Appellee.**

No. 4943.

District of Columbia Court of Appeals.

Argued March 10, 1970.

Decided April 21, 1970.

———◆———

Theophil W. Streule, Jr., pro se.

DeLancey W. Davis, Washington, D. C., for appellee.

Before KELLY, FICKLING and KERN, Associate Judges.

FICKLING, Associate Judge:

On or about December 9, 1966, while Mr. Streule was in Florida, his yacht was discovered lying low in the water, tied to its dock at the Columbia Island Marina. The yacht had taken on water and had to be pumped dry periodically for the next few days to keep it afloat. It was eventually, 2 or 3 days later, hauled from the water to dry-dock.

Mr. Streule learned of this after he returned from Florida on or about January 5, 1967. He submitted a "Report of Marine Loss," dated January 27, 1967, to Norfolk and Dedham, in which he stated the above facts and that the nature and extent of damage was "to be determined by survey and presently on cursory look not now discernible [sic]." The cause of loss was suspected to be "[d]ebris damage to [the] hull," and Mr. Streule estimated the cost of repairs to be $85.

In early May Mr. Streule, having discovered for the first time that the engine had been damaged severely due to oxidation, filed a second claim for $477.74 based on the Marina's estimate of the cost of repairs to the engine.

Subsequent to that, he made further inquiries as to the estimated cost of repairs, and, upon the Marina's recommendation, he decided to have the engine replaced rather than repaired and filed a claim for $979.70. Upon the insurer's refusal to pay any of these claims, he brought this action.

The insurer affirmatively defended at trial on two separate grounds: (1) that Mr. Streule breached the "laid up and out of commission" warranty of the policy; and (2) that the damage to the engine was the result of the sole negligence of Mr. Streule.

The court agreed with the insurer as to the latter ground and found that Mr. Streule had allowed the major damage to the engine to occur by not servicing the engine within 36 hours of its submersion and had therefore not exercised that degree of care required to minimize the loss.

This appeal followed the denial of Mr. Streule's motion for a new trial.

After a thorough review of the record, we conclude that the judgment for the insurer must be affirmed. However, we do so on grounds different from that found by the trial court and, therefore, we need not reach the question of whether the insurer proved either or both of its defenses.

We hold that Mr. Streule has failed to prove that the loss complained of was caused by a peril insured against.[1] *See* Watson v. Providence Washington Insurance Company, 106 F.Supp. 244 (E.D.N.C. 1952), appeal dismissed, 201 F.2d 736 (4th Cir. 1953); Kelly, Weber and Company v. Franklin Fire Insurance Company, 43 F.2d 361 (E.D.La.1930).[2] His suspicion stated in his report that the yacht's hull had been damaged by debris (and, implicitly, thereby began to take on water) was totally unsupported by any proffer of evidence and, in fact, was effectively rebutted by the testimony of both his and the insurer's expert witnesses who had carefully examined the hull.

Affirmed.

---

1. The pertinent provision of the contract states in part:
   Perils. Touching the adventures and perils which this Company is contented to bear and take upon itself, they are of the seas and waters described herein. * * *

2. "The term 'perils of the sea' as used in a marine policy does not embrace all losses happening on the seas. It refers, rather, to casualties or accidents resulting from the fortuitous action of the seas, 'fortuitous', as so used, meaning happening by chance or accident." 5 Appleman, Insurance Law and Practice § 3267, at 423 (1941).