SWEENEY v. SMITH et al.

(Circuit Court of Appeals, Third Circuit. July 1, 1909.)

No. 44.

Account (§ 7*)—Right of Action—Wrongful Acts or Conduct—Interference with Contract.

The mere fact that a purchaser of bonds from a committee of bondholders authorized to sell the same at the time of the purchase had knowledge that the committee had previously contracted to sell them to another does not impose upon him any liability to account to such other for any profit he may have made in the transaction, in the absence of any allegation or proof of fraud or that he induced a breach of the prior contract by the committee.

[Ed. Note.—For other cases, see Account, Cent. Dig. §§ 20, 21; Dec. Dig. § 7.*]

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 167 Fed. 385.

George Demming and William L. Royall, for appellant.

Henry C. Boyer and William A. Glasgow, Jr., for appellees.

Before GRAY and BUFFINGTON, Circuit Judges, and YOUNG, District Judge.

BUFFINGTON, Circuit Judge. In the court below, Sweeney, herein styled complainant, filed a bill in equity against Smith & Co., herein styled respondents, and Zell and Van Dyke. The bill prayed cancellation by Zell and Van Dyke of a contract which Sweeney had assigned to them, and an accounting by Smith & Co. to Sweeney of the profits realized on the bonds and stock which were the subject-matter of said contracts. On separate demurrers by Messrs. Zell and Van Dyke and Smith & Co., respectively, to said bill, the court overruled the demurrer of Zell and Van Dyke and ordered them to answer. The demurrer of Smith & Co. was sustained in an opinion wherein the facts are stated at length, reported at 167 Fed. 385. From a decree dismissing the bill as against Smith & Co., the complainant appealed to this court.

In view of the elaborate opinion noted above, any expression of opinion by this court could be but a restatement of the grounds and authorities on which the court below justified its action. The vice of the complainant's position is that he assumes a liability on the part of Smith & Co. to account to him. But no such liability ex-

ists. The facts are that Sweeney had a contract with the committee by which he was to purchase these bonds and stocks. For some reason, which reason does not concern the present appeal, further than to say that Smith & Co. had no relation to or part in the committee's action, they refused to carry out their contract with Sweeney. The committee subsequently sold the stock and bonds to Smith & Co., who knew there had been a prior contract between Sweeney and the committee and that the latter refused to be bound by it. No allegation of fraud, bad faith, or any act of Smith & Co. to induce a breach of said contract by the committee, is here involved. Under these facts there is no liability of Smith & Co. to account to Sweeney. Neither privity of contract, accounts, nor a trust relation, express or implied, exists between them. The contention of liability to account as applicable to personal property finds support in no case, and would unduly trammel and preclude that merchantable character of personalty, which gives it its transmissible commercial value.

The appeal is therefore dismissed, and the decree below affirmed.