## LAMPORT v. 4175 BROADWAY, Inc., et al.

District Court, S. D. New York.
Jan. 15, 1934.

Fischer & Weitzer, of New York City, for plaintiff.

Charles H. O'Connor, of New York City (Michael J. O'Neill, of New York City, of counsel), for defendants.

PATTERSON, District Judge.

The motion is to dismiss the complaint for failure to state a cause of action against the defendant Great Atlantic & Pacific Tea Company.

The complaint alleges that the plaintiff rented a store in a building owned by the defendant 4175 Broadway, Inc., to be used for the sale of fruits and vegetables; the lease containing the following clause: "The landlord hereby agrees not to let stores on Broadway in the building on the southwest corner 177th Street and Broadway, of which store herein is a part, for the sale of fresh fruits and vegetables, this however, shall not be deemed to include any chain grocery store which may sell these articles."

It is alleged that while the lease was still subsisting the landlord leased a store adjoining the plaintiff's to the Atlantic & Pacific, which maintains there "as a distinct business" the sale of fruits and vegetables, and

that the Atlantic & Pacific had notice of the restrictive covenant in favor of the plaintiff when it moved in. The relief originally demanded was an injunction, but at the present time there is only a demand for money damages due to the competition of the Atlantic & Pacific in the sale of fruits and vegetables, and the action is now one on the law side of the court.

The plaintiff's theory in seeking to hold the Atlantic & Pacific liable in damages is that it has committed a tort in knowingly assisting the landlord in a breach of contract. He asserts that there is a liability under the line of cases beginning with Lumley v. Gye, 2 E. & B. 216. See Angle v. Chicago, etc., R. Co., 151 U. S. 1, 14 S. Ct. 240, 38 L. Ed. 55; Lamb v. S. Cheney & Son, 227 N. Y. 418, 125 N. E. 817.

1. It is apparent from the complaint that there has been no breach of contract by the landlord. Its promise was that it would not let the adjoining stores for the sale of fruits and vegetables, the restriction not to apply to a chain grocery store handling these articles. It is matter of common knowledge that the Atlantic & Pacific conducts a chain of grocery stores. It is not conceded in the complaint that this is the case, but the fact is so commonplace that the court may take judicial notice of it. See Liggett Co. v. Baldridge, 278 U. S. 105, 113, 49 S. Ct. 57, 73 L. Ed. 204; Delaware, Lackawanna & Western R. Co. v. Town of Morristown, 276 U. S. 182, 189, 48 S. Ct. 276, 72 L. Ed. 523. The allegation that the sale of fruits and vegetables by the Atlantic & Pacific was carried on "as a distinct business" does not aid the plaintiff; it is still true that the use made of the store was by a chain grocery store and was therein excluded from the restriction. No cause of action is stated against either defendant.

2. The point chiefly argued is quite distinct, and is on the assumption that the lease to the Atlantic & Pacific was a breach by the landlord of the covenant with the plaintiff. The Atlantic & Pacific points out that the complaint does not charge it with having induced the landlord to break the contract and submits that there is consequently no liability on its part. It is recognized generally that it is a tort to induce another to break his contract, and the question now is whether it is likewise a tort to make a contract with notice that its performance will involve a breach by the other contracting party of an antecedent contract with another. It was held in Sweeney v. Smith (C. C.)

167 F. 385, affirmed in (C. C. A.) 171 F. 645, certiorari denied in 215 U. S. 600, 30 S. Ct. 400, 54 L. Ed. 343, that there is no liability in such a case. There the plaintiff had made a contract to purchase certain bonds from a committee. The defendant then bought the bonds from the committee, with notice of the plaintiff's prior contract but without any inducing or persuading on the defendant's part. The plaintiff's suit was dismissed. There seems to be no case to the contrary.

It may be argued that there is no difference in principle between a case where the defendant actively induces the breach of a contract between other persons and a case where he makes a contract which he knows will result in the breach of the antecedent contract; that the injury to the plaintiff in each case is the same. But the rule of liability in tort in these cases has never been pushed to its logical limits. It is settled that mere negligent interference with a contract right is not a basis of liability, Robins Dry Dock & Repair Co. v. Flint, 275 U. S. 303, 48 S. Ct. 134, 72 L. Ed. 290; also that mere nonfeasance does not subject a person to liability in tort, although the nonfeasance may result in a breach of the plaintiff's contract. New York Trust Co. v. Island Oil & Transport Corporation (C. C. A.) 34 F.(2d) 649.

On both grounds the motion to dismiss the action as to the Great Atlantic & Pacific Tea Company will be granted.