## IRVINE v. LUCKENBACH STEAMSHIP CO., Inc., et al.

District Court, S. D. New York.

March 20, 1946.

Cary & Mullane, of New York City, for plaintiff.

Haight, Griffin, Deming & Gardner, of New York City (Harold S. Deming and Edgar R. Kraetzer, both of New York City, of counsel), for defendants.

CAFFEY, District Judge.

The last pleading (an answer) was served February 13, 1946. The last day for requiring a jury trial (10 days after service

128

of the demand) was February 23 (Rule 38 (b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c). The demand was served March 7, which was twelve days late.

I think Rule 39(b), conferring on the court authority to relieve defaults does not, under Rules 5(d) and 38(b) and (d), apply on the facts here. On the contrary, I feel that the right to a jury trial has been waived.

The delay was twelve days. One of plaintiff's attorneys was ill from February 13 to February 25. In other words, he was in care of a physician two days (February 23 to February 25) following expiration of the period during which the demand properly could have been served.

Assuming that the plaintiff was excusable while one of his attorneys was in care of a doctor, nevertheless he was in default ten days after the end of the sickness. I discover no explanation of this delay or even an attempt to explain it.

Moreover, no adequate reason has been assigned for the failure of some one other than the ill lawyer to see after serving the demand.

I think the conclusion I have reached is supported by the last paragraph of Milstein v. Edward Small Productions, Inc., D.C., S.D.N.Y., 3 F.R.D. 45, and by a number of other decisions cited in the defendants' brief.

Motion denied. Settle order on two days' notice.