**SWINDELLS et al.**

**v.**

**ZIFF–DAVIS PUBLISHING CO.**

**SWINDELLS et al.**

**v.**

**ESQUIRE, Inc.**

**Civ. A. Nos. 13940, 13899.**

United States District Court
E. D. New York.

April 19, 1954.

Cravath, Swaine & Moore, New York City, for defendant, by Albert Rosenblum, New York City, for the motion.

Marcus & Schenkman, New York City, for plaintiffs, by Harold H. Goldberg, New York City, in opposition.

RAYFIEL, District Judge.

The defendant in each of the above-entitled actions moves for an order striking plaintiffs' demand for a jury trial and striking the case from the jury calendar of this Court on the ground that the demand therefor was not made within the period provided by the Federal Rules of Civil Procedure, 28 U.S.C.A.

Each of the actions was commenced in the New York Supreme Court, Nassau County, and was thereafter transferred to this Court, in which issue was joined by the service of the defendant's answer, in the Esquire, Inc., case on October 21, 1953, and in the Ziff-Davis Publishing Co. case on November 13, 1953.

On March 17, 1954, more than four months after the joinder of issue, plaintiffs' attorneys caused to be served upon the attorneys for the defendants notes of issue in both cases for the April, 1954, term of this Court, together with a demand for a trial by jury in each case.

Rule 38(b) of the Federal Rules of Civil Procedure provides that a demand for a trial by jury be served within ten days after the last responsive pleading; hence, the demand herein was not made in accordance with the Rule. The plaintiffs concede that fact but contend that their failure to make proper and timely demand was occasioned by their inadvertence and unfamiliarity with the applicable federal rule, and may and should be excused under the discretionary power granted to the Court under Rule 39 (b) of the Federal Rules of Civil Procedure. They offer no other reason for invoking the Court's discretion.

I consider that reason entirely inadequate, particularly so since the Federal Rules of Civil Procedure have been in use since 1938. See Castro v. Cufari, D.C., 14 F.R.D. 150.

Accordingly, the defendants' motion is in all respects granted.

Settle order on notice.