Reva McLAUGHLIN, individually and as Administratrix of the Estate of Clarence R. McLaughlin, deceased, and Diane Sherry McLaughlin, an infant by Reva McLaughlin, her Guardian ad Litem, Plaintiffs,

v.

BLIDBERG ROTHCHILD COMPANY, Inc., and States Marine Corporation of Delaware, Defendants.

United States District Court
S. D. New York.
Nov. 13, 1957.

**382**

See also, 156 F.Supp. 379.

Marvin Schwartz, New York City, for plaintiffs. Betty H. Olchin, New York City, of counsel.

Dougherty, Ryan & Mahoney, New York City, for defendant Blidberg Rothchild Co., Inc.

LEVET, District Judge.

The defendant Blidberg Rothchild Company, Inc. (hereinafter designated as Blidberg) has moved for an order dismissing the above-entitled action on the ground that an earlier instituted libel in admiralty (Admiralty No. 189–358) is pending for the same recovery, that plaintiffs are precluded from bringing this action at law, and that this action is vexatious and causing defendant Blidberg to defend two actions for the same recovery.

On November 2, 1956, Reva McLaughlin, Administratrix of the Estate of Clarence R. McLaughlin, Deceased, instituted an admiralty libel (Admiralty No. 189–358) against the vessel S.S. Northport and against Blidberg. This suit is for recovery of damages for personal injury and death of libelant's intestate, Clarence R. McLaughlin. The first cause of action is for death under the Jones Act, Title 46 U.S.C.A. § 688. The second cause of action is for death and is based upon failure to provide a safe and seaworthy vessel and appliances, and is stated to be "under the general maritime law and the Death on the High Seas Act [Title 46 U.S.C.A. § 761 et seq.] for the recovery of damages for libelant's intestate's wrongful death." The third cause of action is for pain and anguish from the time of the accident until death, based apparently upon negligence, whereas the fourth cause of action is for pain and anguish from the time of the injury until the time of death, apparently based upon failure to furnish libelant's intestate with a safe and seaworthy vessel and appliances. Respondent Blidberg answered this libel by answer filed on December 18, 1956. No jury trial was demanded and, of course, it is now more than ten days after the aforesaid joinder of issue.

Subsequently, on July 19, 1957, Reva McLaughlin, *individually* and as *Administratrix* of the Estate of Clarence R. McLaughlin, deceased, and Diane Sherry McLaughlin, an infant (daughter of decedent) by Reva McLaughlin, her Guardian ad Litem, as plaintiffs, instituted an action against Blidberg and States Marine Corporation of Delaware, as defendants (Civil 122–314). *Plaintiffs here demanded a trial by jury.* This complaint in the *first cause* of action against defendant Blidberg seeks damages for the wrongful death of the decedent, allegedly under Section 33 of the Merchant Marine Act of 1920, commonly known as the Jones Act, upon the ground that Blidberg failed to furnish plaintiffs' intestate with a safe place in which to work and failed to provide him with a safe and seaworthy vessel and appliances, etc. The *second cause* of action against defendant Blidberg alleges that Blidberg failed to furnish plaintiffs' intestate with a safe and seaworthy vessel and appliances, causing him to sustain severe personal injuries, resulting in death, and apparently seeking damages for the injuries. The *third cause* of action against defendant Blidberg realleges all of the previous paragraphs and seeks damages for personal injuries from the time of the accident until the time of death. Certain other causes of action are asserted against Blidberg's co-defendant, States Marine Corporation of Delaware, which was not a party defendant to the previous action (Admiralty No. 189–358).

Defendant Blidberg contends that the plaintiffs must elect between an action in admiralty and a trial by jury, relying on Balado v. Lykes Bros. S. S. Co., 2 Cir., 1950, 179 F.2d 943, 945; McAfoos v. Canadian Pacific Steamships, Ltd., 2 Cir., 1957, 243 F.2d 270, 273. This defendant also argues that since Rule 38 of the Federal Rules of Civil Procedure, 28 U.S.C.A. requires that a demand for a jury trial must be made not later than ten days after the issue is joined, and since Reva McLaughlin did not so demand a jury trial in the first action (Ad-

miralty No. 189–358), she in effect had elected under the terms of the Jones Act and was precluded from bringing a civil action with a demand for trial by jury. Defendant Blidberg interprets the McAfoos case, supra, to hold that after issue is joined in an admiralty action and no demand for a jury trial is made within ten days, that a plaintiff is precluded from having an action heard at law with trial by jury since plaintiff has already elected to have the action heard by the court in admiralty.

The plaintiffs contend that since the court has jurisdiction of the action in admiralty and would have jurisdiction on the civil docket, the court may transfer the admiralty case to the civil side, referring to Nilsson v. American Oil Co., D.C.1954, 118 F.Supp. 482; that defendant Blidberg cannot complain the suit is vexatious since it can be consolidated with the pending admiralty action (Admiralty No. 189–358), and that the in personam claims can be tried to a jury at the time the in rem claims are tried to the court, as was recommended by the Court of Appeals, Second Circuit, in the McAfoos case, supra. The plaintiffs offer to consolidate the above two actions.

The causes of action against Blidberg set forth in the admiralty suit (Admiralty No. 189–358) in rem on which no jury trial has been demanded are substantially the same as those set forth in personam against Blidberg in the second action (Civil 122–314) on which a jury trial is demanded.

The parties in the first action (Admiralty No. 189–358) and in the second action (Civil 122–314) are not identical. In the second action (Civil 122–314) Diane Sherry McLaughlin, an infant, by Reva McLaughlin, her Guardian ad Litem, is a party-plaintiff; in the first action (Admiralty No. 189–358) she is not included as a libelant. The second action (Civil 122–314), however, has joined the States Marine Corporation of Delaware as a defendant under certain alleged causes of action based on the law of Japan.

It would seem that this motion must be determined by the decision of the Second Circuit in McAfoos v. Canadian Pacific Steamships, Ltd., 2 Cir., 1957, 243 F.2d 270.

Accordingly, the motion is denied. However, a joint trial of Civil 122–314 and Admiralty No. 189–358, in accordance with Rule 42(a) of the Federal Rules of Civil Procedure, is hereby ordered since common questions of fact and law are involved. No determination is intended as to whether plaintiffs are entitled to a jury trial against defendant Blidberg in the second action (Civil 122–314).

So ordered.