Eugene JACKSON
v.
ORE NAVIGATION CORPORATION,
a body corporate.
No. 3905.

United States District Court
D. Maryland,
Admiralty Division.
March 11, 1958.

**936**

Sol C. Berenholtz and Solomon Kaplan, Baltimore, Md., for libelant.

George W. P. Whip and Lord, Whip & Coughlan, Baltimore, Md., for respondent.

THOMSEN, Chief Judge.

■ Libelant asks leave to dismiss this suit in admiralty without prejudice, upon payment of costs, so that he may proceed with a civil action he has recently filed in the Southern District of New York. His motion, opposed by respondent, is based upon two grounds: (a) that his original proctors, Hillman and Hillman, had no authority to file this suit in admiralty; and (b) if they had, this court should exercise its discretion to permit him to dismiss without prejudice, so that he may have a jury trial in the jurisdiction he has finally chosen. In effect, though not in form, libelant seeks (1) the right belatedly to elect a jury trial, and (2) a transfer from the District of Maryland to the Southern District of New York.

Libelant resides in Maryland near Baltimore. He joined respondent's vessel in Baltimore, was injured at sea, and left the vessel on January 12, 1957, at Sparrows Point, Baltimore County, Maryland. He received medical attention at the USPHS Hospital and elsewhere in and near Baltimore. While at the hospital he telephoned Hillman and Hillman, experienced admiralty counsel in Baltimore, to arrange for representation by them. On February 19, 1957, libelant signed a power of attorney authorizing Hillman and Hillman "to institute and carry on a suit against Ore Navigation Corporation and the S.S. Feltore, for personal injuries sustained by me on 12–16–56". During his conversation with Leonard Hillman on that day libelant expressed a general preference for a jury trial over a court trial, but did not specifically instruct Hillman to file an action at law and to demand a jury trial; he left the matter to the discretion of the Hillmans.

Respondent had been slow in making payments for maintenance and cure, so Hillman got in touch with respondent's representative at Sparrows Point in an effort to expedite those payments, and on March 1, 1957, filed the libel in this suit, to which libelant personally made oath, praying a decree for damages and main-

tenance and cure and for other and further relief.

I accept the testimony of Leonard Hillman that the principal reason for filing the libel so promptly was to get the matter into the hands of respondent's Baltimore counsel, with whom he could deal better than with other representatives of the company. The filing of the libel had the desired effect. On or about March 14, 1957, respondent referred the matter to George W. P. Whip, its Baltimore counsel. Hillman kept after Whip and Whip kept after respondent to see that the maintenance and cure payments were promptly made. Hillman made no charge for collecting the maintenance payments. Whip, as proctor for respondent, filed an answer to the libel and propounded certain interrogatories, which were answered by libelant in May, 1957.

Libelant undoubtedly knew that suit had been filed on his behalf by Hillman and Hillman, but he did not inquire whether it was a suit in admiralty or a civil action until early in August, 1957. In the meantime libelant discussed the matter with his friends and fellow union members, who told him that he ought to file his case in New York where the juries are more liberal. He said nothing about this to Hillman until the middle of August, 1957, although Hillman was continuing his efforts to have the maintenance and cure payments made promptly.

Early in August, 1957, libelant came to the clerk's office of this court, looked at the suit papers, noted the nature of the suit and the ad damnum, and thereafter discussed the matter with the welfare representative of his union, who referred him to Sol C. Berenholtz, counsel for the union. An associate of Berenholtz told him to go see Hillman. Libelant then for the first time, on August 12, 1957, asked Hillman whether he had demanded a jury trial. Hillman said: "No; but if you insist I will see whether a motion can be filed". Libelant then instructed Hillman to ask for a jury trial; that was the first binding instruction he had given Hillman to that effect. Libelant, however, return-ed to Berenholtz's office and said he wanted them to file suit on his behalf in New York, to secure a jury trial. As a result of that conference, a letter was written to Hillman and Hillman terminating their employment. Since then, arrangements satisfactory to Hillman and Hillman and to Berenholtz have been made with respect to division of fees. In September, 1957, Berenholtz arranged with his New York correspondents to institute a civil action in the Southern District of New York against Ore Navagation Corporation, respondent herein.

Respondent is a Delaware corporation, the stock of which is owned by Bethlehem Steel Company. It operates a fleet of ships between Sparrows Point and Venezuela, Chile, Canada and other ore producing areas. Its principal office is in New York, as is its claim office. It has a branch office or agency at Sparrows Point which has charge of the operation of the ships. For many years Whip has represented respondent and its predecessor company in Maryland. He conducts investigations for them here, represents them in litigation, and otherwise looks after their interests, conferring sometimes with their representatives at Sparrows Point and sometimes with their officers and counsel in New York. Whip has investigated the facts of this case and is preparing it for trial. Most of the witnesses for both sides live in and around Baltimore or serve on ships which ply regularly to and from Baltimore.

I find as a fact that it will be more convenient for both parties and witnesses if the case is tried in Maryland rather than in New York, and that in the interests of justice the case should be tried in the District of Maryland rather than in the Southern District of New York.

■ (a) Libelant's first point—that Hillman and Hillman were not authorized to file this suit—is supported neither by the facts set out above nor by the law. "Considered steps in a litigation taken by a member of the bar of a court are binding on his client unless fraud be shown. The apparent authority of attorneys in any proceeding before the

court is plenary so far as the court and the opposing parties are concerned, for necessarily it must be adequate to all the exigencies of litigation. To be agents with such authority is one of the reasons for the existence of the Bar." In re Level Club, D.C.S.D.N.Y., 46 F.2d 1002, at pages 1003, 1004, Woolsey, J., and cases cited.

██ (b) The second question is whether this court, in its discretion, should permit libelant to dismiss this suit without prejudice so that he may have (1) a jury trial (2) in New York.

(1) The Jones Act, 46 U.S.C.A. § 688, provides: "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury * * *."

For a time there was doubt as to the nature of the election referred to in the statute, but it is now settled that the election is between a suit in admiralty and a suit at law with a jury, and not between negligence and unseaworthiness. Balado v. Lykes Bros. S.S. Co., 2 Cir., 179 F.2d 943; McCarthy v. American Eastern Corporation, 3 Cir., 175 F.2d 724; Williams v. Tide Water Associated Oil Co., 9 Cir., 227 F.2d 791; Doucette v. Vincent, 1 Cir., 194 F.2d 834; Sanford v. Caswell, 5 Cir., 200 F.2d 830. The question then arises, when should a plaintiff be deemed to have made his election. District courts expressed various opinions. Cf. Jonassen v. Norwegian American Line, D.C.S.D.N.Y., 105 F.Supp. 510; Murphy v. American Barge Line Co., D. C.W.D.Pa., 93 F.Supp. 653; Stalker v. Southeastern Oil Delaware, Inc., D.C.D. Del., 103 F.Supp. 436; Nilsson v. American Oil Co., D.C.S.D.Tex., 118 F.Supp. 482.

The matter was clarified by Chief Judge Clark, speaking for the Second Circuit in McAfoos v. Canadian Pacific Steamships, 243 F.2d 270, 274. He concluded that "until ten days after issue is joined a libelant can transfer part of his suit to the civil side of the district court for jury trial, although it contains a claim under the Jones Act".

In the instant suit the ten day period had expired before the pending application was made. Libelant therefore has no absolute right to a jury trial; the matter is in the discretion of the court. Respondent, however, has shown no convincing reason why that discretion should not be exercised to permit a jury trial in this case. A long line of decisions has established the propriety of treating cases begun by libels as actions at law— now civil actions—where there is federal jurisdiction to sustain the suit on the civil side, e. g., In re Confiscation Cases, 20 Wall. 92, 87 U.S. 92, 22 L.Ed. 320; United States ex rel. Pressprich & Son Co. v. James W. Elwell & Co., 2 Cir., 250 F. 939, certiorari denied 248 U.S. 564, 39 S.Ct. 8, 63 L.Ed. 423; McAfoos v. Canadian Pacific Steamships, 2 Cir., 243 F.2d at page 272, and cases cited.

(2) Granting leave to proceed in New York rather than in Maryland is another matter. If this were a motion to transfer under 28 U.S.C.A. § 1404, the motion would have to be denied because the convenience of parties and witnesses and the interests of justice dictate that the case be tried in Maryland. Libelant's original proctors deliberately selected Maryland as the place for filing suit, so that they might deal with respondent's Maryland counsel. Respondent's Maryland counsel have investigated the case and are preparing it for trial, in accordance with the custom in this district of having the investigation made by trial counsel. Respondent would be prejudiced by a trial elsewhere than in Maryland. This distinguishes the case from Callis v. Sword Line, Inc., D.C.E.D.Va., 1948 A.M.C. 1701.

Libelant's motion is hereby denied, without prejudice to his right to request that the case be transferred to the civil docket and to have a jury trial on all issues of fact; such request, if made, will be granted without further hearing.