Reva McLAUGHLIN, individually and as Administratrix of the Estate of Clarence R. McLaughlin, deceased, and Diane Sherry McLaughlin, an infant by Reva McLaughlin, her Guardian ad Litem, Plaintiffs,

v.

BLIDBERG ROTHCHILD COMPANY, Inc., and States Marine Corporation of Delaware, Defendants.

Reva McLAUGHLIN, Administratrix of the Estate of Clarence R. McLaughlin, Deceased, Libelant,

v.

THE S.S. NORTHPORT, her boilers, engines, tackle, etc., and Blidberg Rothchild Company, Inc., Respondents.
and
States Marine Corporation of Delaware, Impleaded-Respondent.

United States District Court
S. D. New York.
June 24, 1958.

Marvin Schwartz, New York City, for plaintiffs, James P. O'Connell, New York City, of counsel.

Dougherty, Ryan & Mahoney, New York City, for defendant, Blidberg Rothchild Co., Inc. Thomas J. Short, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

A suit in admiralty and a civil action at law, both for the alleged wrongful death of a seaman, have been consolidated for trial pursuant to Rule 42(a), F.R. C.P., 28 U.S.C.A. The opinion directing consolidation (McLaughlin v. Blidberg Rothchild Co., D.C.S.D.N.Y., 156 F.Supp. 379, Id., D.C., 156 F.Supp. 381) fully state the facts and it is unnecessary to detail them here.

The present motion concerns only the causes of action asserted against respondent and defendant Blidberg Rothchild. Blidberg now moves to strike a jury demand made by plaintiff in the

action at law which was brought subsequent to the commencement of the admiralty suit, and to place the consolidated causes on the non-jury trial calendar. The motion is grounded upon the premise that plaintiff waived her right to a jury trial and elected under the Jones Act to proceed without a jury by failing to serve a jury demand or to move to transfer the cause to the law side and for a trial by jury within ten days after the service of the last pleading in the admiralty suit, the time limited by Rule 38, F.R.C.P.

Plaintiff's suit in admiralty against the S.S. Northport and respondent Blidberg was commenced on November 2, 1956. The libel contains four causes of action. The first is for the death of libelant's intestate allegedly caused by the negligence of respondent and its failure to provide decedent with a safe place to work, based upon the Jones Act, 46 U.S.C.A. § 688, which is specifically referred to. The second, also seeking recovery for wrongful death, is based upon unseaworthiness and is alleged to be brought "under the General Maritime Law and the Death on the High Seas Act", 46 U.S.C.A. § 761 et seq. The third and fourth causes of action are for pain and suffering between the time of the injury and the time of the death, the third predicated upon negligence and the fourth upon unseaworthiness.

Respondent Blidberg served its answer to the libel on December 18, 1956 and this was the last pleading in the admiralty suit. No demand for a jury trial or motion to transfer the cause to the civil side and for a jury trial has ever been made in this suit.

On July 19, 1957, more than six months after the service of the answer to the libel, plaintiff brought the civil action and demanded a trial by jury in her complaint. The causes of action against Blidberg in the civil action are substantially the same as those in the admiralty suit. The first cause of action is for wrongful death under the Jones Act. The second seeks recovery for wrongful death based upon unseaworthiness. The third combines the last two causes of action alleged in the admiralty suit in a single cause of action for pain and suffering between the time of injury and the death based on both negligence and unseaworthiness.

After the complaint in the civil action had been served Blidberg moved for an order dismissing that action upon the ground that the prior suit in admiralty was pending for the same recovery, that plaintiff was precluded from bringing the action at law since she had elected under the Jones Act to proceed in admiralty without a jury, and that the action at law was vexatious. The same motion was made by defendant States Marine Corporation which was an impleaded respondent in the admiralty suit and against whom in the action at law plaintiff first asserted causes of action predicated on a Japanese Wrongful Death Statute. Both motions were denied by Judge Levet who ordered the admiralty suit and the action at law consolidated for purposes of trial. McLaughlin v. Blidberg Rothchild Co., supra.

Upon that motion defendant Blidberg contended that the plaintiff by first bringing the admiralty suit and failing to demand a jury trial or move for transfer to the civil side within ten days after issue was joined under Rule 38, F.R.C.P. had made a final election under the Jones Act (46 U.S.C.A. § 688) to proceed in admiralty without a jury. Blidberg urged that plaintiff was therefore precluded from bringing a civil action triable before a jury. Judge Levet held that the motion to dismiss should be denied upon the authority of McAfoos v. Canadian Pacific Steamships, Ltd., 2 Cir., 243 F.2d 270, and instead consolidated the admiralty suit and the action at law for purposes of trial.

However, Judge Levet specifically stated that no determination was intended "as to whether plaintiffs are entitled to a jury trial against defendant Blidberg in the second action." 156 F.Supp. at page 384. It is this question which is now before me for determination.

The admiralty suit and the action at law, both now consolidated and pending in this court, are substantially identical in so far as they affect Blidberg Rothchild. Both the libel in the admiralty suit and the complaint in the civil action allege causes of action under the Jones Act couched in substantially the same language. The parties plaintiff added in the civil action relate only to the cause of action against defendant States Marine and do not affect those against defendant Blidberg. It is plain that the subsequent civil action against Blidberg is only a procedural device to preserve the jury trial on the Jones Act causes of action.

In the McAfoos case the Court of Appeals of this Circuit held that where a suit in admiralty had first been instituted under the Jones Act for injuries suffered by one alleged to be a seaman, and a later action at law was commenced for the same causes of action, the commencement of the suit in admiralty did not constitute an irrevocable election by the plaintiff to sue in admiralty or to waive the right to bring an action at law triable by a jury. It therefore reversed an order made by the District Court which had dismissed the action at law upon the ground that plaintiff by filing a libel had irrevocably elected to sue in admiralty instead of at law and thus to proceed without a jury trial.

The Court of Appeals reasoned that the "election" contemplated by the Jones Act was not an election between substantive theories but a choice as to form of trial—whether to a jury or to the court without a jury. Since the Jones Act is silent as to the time when such election is to be made, the time is governed by the ordinary rules of procedure. The controlling rule is Rule 38, F.R.C.P., providing that a jury trial is waived unless demanded within ten days after the service of the last pleading.

Such a demand, if timely, could be asserted either by motion to transfer the admiralty suit to the civil side for trial by jury or in a new civil action.

In McAfoos, however, the question of whether the plaintiff had made a timely demand for jury trial under Rule 38, F.R.C.P., was not presented since issue had not been joined in the admiralty suit prior to the commencement of the action at law, nor had an answer been served in the law action. Therefore there had been no failure to serve a jury demand within ten days after the service of the last pleading in either action within the terms of Rule 38, F.R.C.P.

The case at bar is quite different. Here the last pleading in the admiralty suit had been served more than six months prior to the commencement of the action at law and the service of the complaint demanding a jury. No demand for a jury trial and no motion to transfer to the civil side with a request for a jury trial was made within ten days of the service of the last pleading in the admiralty suit. Thus, in the subsisting admiralty suit, which asserts the same causes of action under the Jones Act as are asserted in the later civil action with which it is now consolidated, there has been no compliance by the plaintiff with the requirements of Rule 38 for obtaining a jury trial.

In these circumstances it seems plain that, under the reasoning of the McAfoos case, plaintiff, by failing to demand a jury or move to transfer the admiralty suit to the civil side within the time limited by Rule 38, has made her election under the Jones Act to proceed without a jury and is bound thereby. Plaintiffs should not be permitted to evade the requirements of the governing rule and to postpone indefinitely their election under the Jones Act to proceed by jury trial by the "procedural device" of commencing a second action upon the identical facts and for the identical relief.

In the recent case of Jackson v. Ore Navigation Corp., D.C.Md., 159 F.Supp. 935, 1958 A.M.C. 710, the seaman plaintiff in an admiralty suit under the Jones Act was held to have lost his right to a jury trial by failing to move to transfer his suit to the civil side for jury

trial within ten days after issue was joined. However, there the court, in the exercise of its discretion, relieved plaintiff of his waiver of jury trial because of the circumstances presented.

 It is well settled in this district that plaintiff will not be relieved from a waiver of jury trial except upon a showing of highly exceptional circumstances. See Mason v. British Overseas Airways Corp., D.C.S.D.N.Y., 20 F.R.D. 213. Assuming, without deciding, that discretionary relief from jury waiver would be appropriate where the waiver also constitutes an election under the Jones Act to proceed without a jury, plaintiff in the case at bar has not applied for such relief, nor have any exceptional circumstances been shown which would justify granting it. Such indications as there now are militate against such relief being granted.

The motion of Blidberg Rothchild to strike the demand for jury trial and to place the case on the non-jury calendar for trial is therefore granted.

Settle order on notice.