**LOUISVILLE AND NASHVILLE RAIL-
ROAD COMPANY,**

v.

**ARROW TRANSPORTATION COMPA-
NY and THE Tug ARROW, etc.**

Civ. A. No. 3340.

United States District Court
N. D. Alabama,
Northeastern Division.

Feb. 5, 1959.

Eyster & Eyster, Decatur, Ala., Chaffe, McCall, Phillips, Burke & Hopkins and Leon Sarpy, New Orleans, La., for libelant.

Lord, Bissell & Brook, Chicago, Ill., and White, Bradley, Arant, All & Rose, Birmingham, Ala., for respondent.

GROOMS, District Judge.

This is a libel by the Louisville and Nashville Railroad Company against Arrow Transportation Company and the Tug Arrow. Libelant avers that at approximately 12:45 a. m., on August 3, 1957, the tug Arrow with 11 barges in tow, while down bound on the Tennessee River, ran into and collided with a drawbridge over the river, causing damages to the bridge and fender system. Libelant sustained damages of $6,471.25 by virtue of its loss of the use of said bridge resulting from the necessary detouring of its trains between Nashville, Tennessee, and Montgomery, Alabama, by way of Atlanta, Georgia. It avers that the bridge structure and appurtenances were owned by the Southern Railway Company but that libelant as

"lessee and licensee" of the bridge had the right to use it under a trackage agreement with Southern.

The respondent has filed exceptions averring that the libel fails to allege facts stating a cause of action against respondent. Libelant asserts jurisdiction exists by virtue of Title 46 U.S.C.A. § 740, the pertinent parts of which are as follows:

> "The admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land.
>
> "In any such case suit may be brought in rem or in personam according to the principles of law and the rules of practice obtaining in cases where the injury or damage has been done and consummated on navigable water * * *."

The respondent asserts that since the libelant had neither title nor possession of the bridge at the time of the injury it has no legal right to bring this action or to recover under Section 740. Libelant claims that the contract with Southern is a lease or, if not a lease, it grants a use in the nature of an easement, damage to either of which affords it a right of recovery.

From the legislative history,[1] it distinctly appears that Section 740 did not create any new cause of action. This section brings United States practice respecting maritime torts into accord with that followed by the British. It merely specifically directs the courts to exercise the admiralty and maritime jurisdiction of the United States already conferred by Article 3, § 2, of the Constitution and authorized by the Judiciary Acts. There still remains available the right to a common-law remedy which the Judiciary Act (28 U.S.C.A. § 1333) expressly saves to claimants. Since the Act creates no new cause of action, it must be determined whether libelant has a cause of action in admiralty or at common law enforceable under Section 740.

In Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303, 48 S.Ct. 134, 135, 72 L.Ed. 290, time charterers of a vessel brought an action to recover damages sustained by the charterers as a result of the delay caused by repairs to the vessel's propeller negligently damaged by a dry dock company. The Court, in reversing this case, made the following pronouncement:

> " * * * But as there was a tortious damage to a chattel it is sought to connect the claim of the respondents with that in some way. The damage was material to them only as it caused the delay in making the repairs, and that delay would be a wrong to no one except for the petitioner's contract with the owners. The injury to the propeller was no wrong to the respondents but only to those to whom it belonged. But suppose that the respondent's loss flowed directly from that source. Their loss arose only through their contract with the owners—and while intentionally to bring about a breach of contract may give rise to a cause of action, Angle v. Chicago, St. Paul, Minneapolis & Omaha Ry. Co., 151 U.S. 1, 14 S.Ct. 240, 38 L. Ed. 55, no authority need be cited to show that, as a general rule, at least, a tort to the person or property of one man does not make the tortfeasor liable to another merely because the injured person was under a contract with the other unknown to the doer of the wrong. See Savings Bank v. Ward, 100 U.S. 195, 25 L.Ed. 621. The law does not spread its protection so far. A good statement, applicable here, will be found in Elliott Steam Tug Co. Ltd. v. The

---

1. U.S.Code Congressional Service Vol. 2, 80th Congress, Second Session, 1948, p. 1902.

Shipping Controller (1922) 1 K.B. 127, 139, 140. Byrd v. English, 117 Ga. [191], 192, 43 S.E. 419, 64 L. R.A. 94; The Federal No. 2, 3 Cir., 21 F.2d 313."

The quoted pronouncement clearly confirms the rule that a tort to the property or person of one does not make the tort feasor liable to another merely because the injured person was under a contract with that other, unknown to the doer of the wrong.[2] *Mere negligence* in interfering with another's contract rights will not sustain a cause of action for damages. Lamport v. 4175 Broadway, Inc., D.C.S.D.N.Y., 6 F.Supp. 923; Donovan Construction Co. v. General Electric Co., D.C.Minn., 133 F.Supp. 870; 86 C.J.S. Torts § 44, note 4. In the last-named case, Judge Nordbye cites numerous authorities sustaining the principle that, as an indispensable condition precedent to liability for interference with the performance of one's contract, there not only must be knowledge of the contract but there must be an intentional interference therewith. In every Alabama case dealing with the subject there was some element other than mere negligence. No case permits a recovery for the mere negligent interference with another's contract.[3]

This action cannot be sustained on the authority of Tennessee Coal Iron

& R. Co. v. Hartline, 244 Ala. 116, 11 So. 2d 833, on the ground that libelant has suffered damages to a leasehold, or on the authority of Walker v. Clifford, 128 Ala. 67, 76, 29 So. 588, and cases cited in 28 C.J.S. Easements § 103, on the ground that there has been damage to an easement, for the reason that the trackage agreement here involved grants neither a leasehold nor an easement. Libelant has no interest in the bridge structure other than a right of user and the rights incident thereto. The Supreme Court of Alabama has referred to this right of user as being in the nature of an easement, though not an easement.[4] The Supreme Court of the United States has held[5] that such an agreement is not a lease and creates only a personal obligation. While its trains are on the bridge, libelant's possession is only of the particular part occupied temporarily while running over it.[6] This is not such possessory interest as will entitle libelant to recover damages flowing from its interruption.

After a careful consideration of this matter, the Court is of the opinion that under the authorities referred to libelant has no cause of action in admiralty or at common law enforceable in admiralty, under Section 740; and that the exceptions assigned are due to be sustained, and this action dismissed.

2. See also Standard Oil Co. of California v. United States, 9 Cir., 153 F.2d 958.

3. Sparks v. McCreary, 156 Ala. 382, 47 So. 332, 22 L.R.A.,N.S., 1224; Tennessee Coal & Iron Co. v. Kelly, 163 Ala. 348, 50 So. 1008; United States Fidelity & Guaranty Co. v. Millonas, 206 Ala. 147, 89 So. 732, 29 A.L.R. 520; Pickens v. Hal J. Copeland Groc. Co., 219 Ala. 697, 123 So. 223; Hill Grocery Co. v. Carroll, 223 Ala. 376, 136 So. 789; Louisiana Oil Corp. v. Green, 230 Ala. 470, 161 So. 479; Evans v. Swaim, 245 Ala. 641,

18 So.2d 400; McCluskey v. Steele, 18 Ala.App. 31, 88 So. 367.

4. Southern Ry. Co. v. Louisville & Nashville R. Co., 241 Ala. 691, 4 So.2d 400.

5. Thompson v. Texas Mexican R. Co., 328 U.S. 134, 140, 66 S.Ct. 937, 90 L.Ed. 1132.

6. Union Pacific Ry. Co. v. Chicago, Rock Island and Pacific Ry. Co., 163 U.S. 564, 582–583, 16 S.Ct. 1173, 41 L.Ed. 265.