**SHELL OIL COMPANY**

v.

**S.S. TYNEMOUTH.**

No. 5152.

United States District Court
E. D. Louisiana,
New Orleans.

Nov. 9, 1962.

---

Walter Carroll, Jr., Terriberry, Rault, Carroll, Yancey & Farrell, New Orleans, La., for libellant.

James G. Burke, Jr., Chaffe, McCall, Phillips, Burke, Toler & Hopkins, New Orleans, La., for respondent.

ELLIS, District Judge.

Libellant, Shell Oil Company, moves this Court to reconsider its decision in Shell Oil Company v. S/S Tynemouth, E.D.La., 205 F.Supp. 838, in which this Court granted a summary judgment in favor of respondent on the grounds that, on the undisputed facts, libellant had no cause of action.

While libellant does not dispute the holding that it has no cause of action recognized at general law, it asserts that LSA–Civil Code, Article 2703, gives it a cause of action. This state codal provision gives a lessee a cause of action against a third party (not asserting a claim to the leasehold) who causes the lessee injury. In our former opinion, this Court found that Article 2703 was merely directive to the general tort law, LSA–C.C., Articles 2315, 2316, which articles did not give libellant a cause of action. Given that holding, it was unnecessary to decide whether libellant was in fact a "lessee" under Louisiana law.

Further consideration convinces this Court that Article 2703 gives a lessee a cause of action for his damages caused by a third party's disturbance of the leasehold, unhampered by the limitations of Articles 2315 and 2316. At best, Briggs v. Aiken, Orl.App. No. 9261 (1924) stands for the proposition that a lessee must prove actual damages to sustain his cause of action against the third party. See Tinsley v. Seismic Explorations Inc., 239 La. 23, 117 So.2d 897. Since the cause of action provided by Article 2703 requires a contractual relationship with a lessor a holding that this very contractual relationship was insufficient basis for the lessee's action would necessitate a conclusion that Article 2703 had been judicially written out of the Code. There is no basis in the Louisiana cases for this conclusion. The indications are all the other way. See Tinsley v. Seismic Explorations, Inc., supra. Hence, Article 2703 provides a remedy if the facts of the case warrant its application.

As mentioned before, the question of Shell Oil Company as a lessee vel non has not been reached. Compelled to make such a determination, this Court finds that Shell's relationship with the Texas Pipeline Co., was sufficient to bring it within the Louisiana law requirement of lease. Stripped to its bare bones, Shell's agreement amounted to renting a series of pipes owned by the Texas Pipeline Co. across a dock for the purpose of transporting its oil from the shore to tankers in the river. The Louisiana requirements for lease are extremely simple. All that is required is "the thing, the price, and the consent." LSA–C.C., Article

2670. In Martin v. Louisiana Public Utilities Co., Inc., 13 La.App. 181, 127 So. 470, the Louisiana Court held that a sewer pipe rented for the purpose of drainage was a thing susceptible of lease. That case is virtually indistinguishable from the case at bar, insofar as it finds a pipeline susceptible of lease. Sewers, like terminal facilities, are not subject to exclusive use. In the case at bar, there was a stipulated price and consent of the parties. These considerations lead this Court to the conclusion that Shell was a lessee under Louisiana law and capable of asserting rights under Article 2703.

■■ The fact that this case was brought on the Admiralty side of the court presents added problems. Respondent asserts that state law may not enlarge or impair the substantive law of Admiralty. Robins Dry Dock & Repair Co. v. Dahl, 266 U.S. 449, 45 S.Ct. 157, 69 L.Ed. 372. This case is properly brought in Admiralty under the Extension of the Admiralty Act, 46 U.S.C.A. § 740. That Act extends the Admiralty jurisdiction of this Court into its *constitutional* ambit. Revel v. American Export Lines, E.D.Va., 162 F.Supp. 279, aff'd. 4 Cir., 266 F.2d 82; Louisiana and Nashville R. Co. v. Arrow Transportation Co., N.D.Ala., 170 F.Supp. 597; Senate Report No. 1593, June 11, 1948, U.S.Code Congressional Service 1948, Vol. 2, p. 1898 et seq. . This being the case, the constitutional question of the effect of Article 2703 on the uniformity of the Admiralty law is inferentially raised. Southern Pacific Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086.

■ It is not necessary, however, to reach this constitutional question. The libel discloses that there is diversity of citizenship between the parties and requisite jurisdictional amount. 28 U.S.C.A. § 1332(a) (2). This matter is cognizable on the civil side of this court in which case Article 2703 gives libellant a cause of action. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Moreover, libellant's counsel indicated in the course of argument that diversity existed and that he was disposed to transfer the case to the civil side if need be. This court has the power to transfer cases from the admiralty to the civil side when the civil side has jurisdiction. McAfoos v. Canadian Pacific Steamships, 2 Cir., 243 F.2d 270, 272; Ore Navigation Corp. v. Thomsen, 4 Cir., 256 F.2d 447; Petrol Corp. v. Petroleum Heat & Power Co., 2 Cir., 162 F.2d 327; James Richardson & Sons v. Conners Marine Co., 2 Cir., 141 F.2d 226; Border Line Transp. Co. v. Haas, 9 Cir., 128 F.2d 192; Twin Harbor Stevedoring & Tug Co. v. Marshall, 9 Cir., 103 F.2d 513; Jackson v. Ore Navigation Co., D.Md., 159 F.Supp. 935; Hiltz v. Atlantic Refining Co., E.D.Pa., 57 F. Supp. 308. "This power to shift a case from one 'side' of the court to another is not limited to situations where one side has jurisdiction and the other has not." McAfoos v. Canadian Pacific Steamships, supra, 243 F.2d at 272; Civil v. Waterman S. S. Corp., 2 Cir., 217 F.2d 94. The duty of a federal court to avoid constitutional questions, if possible, is long standing. Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971. If this policy extends to avoidance of constitutional questions involving state law, it certainly extends to avoidance of constitutional questions involving the uniformity of maritime law. Hence where the party who chose the admiralty forum is not opposed, the transfer of a case from the admiralty to the civil side to avoid a constitutional question is appropriate and within this court's power.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the summary judgment in favor of respondent is vacated and the case is transferred to the civil docket of this court.