Jerome H. LEMELSON, Plaintiff,

v.

GERBER PRODUCTS COMPANY, Regent Baby Products Corporation, and the Great Atlantic and Pacific Tea Company, Inc., Defendants.

No. 65–C–218.

United States District Court
E. D. New York.

Jan. 11, 1966.

———◆———

Arthur T. Fattibene, New York City, for plaintiff.

Kane, Dalsimer & Kane, New York City, for defendants, David H. T. Kane, New York City, of counsel.

BARTELS, District Judge.

This suit involves two causes of action, the first against the three named defendants for an infringement of a patent involving a bellows noisemaker used in the manufacture of toys, and the second against only one of the defendants for a breach of express contract and an unlawful appropriation of plaintiff's designs and inventions.

On June 7, 1965 defendants served their answer, and this was the last pleading directed against the issues in the complaint. Rule 38(b), Fed.Rules Civ. Proc., 28 U.S.C.A., requires a demand for a jury trial to be served "not later than 10 days after the service of the last pleading". No such demand was filed by the plaintiff but instead plaintiff, on December 13, 1965, moved pursuant to Rule 39(b), Fed.Rules Civ.Proc., 28 U.S.C.A., appealing to the Court's discretion to order a trial by jury of the issues raised in plaintiff's second cause of action. The reasons assigned for the delay of approximately six months are: inadvertent error, mistake, and illness of the plaintiff's attorney.

Plaintiff claims that the second cause of action is purely a legal one and is of the type that is best tried before a jury rather than by a trial court. This, of course, is a matter of opinion and in all events seems to be irrelevant. Plaintiff adds that no waiver of a jury trial may result from the joinder of legal and equitable claims, citing Beacon Theatres,

Inc. v. Westover, 1959, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988, and Dairy Queen, Inc. v. Wood, 1962, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44. The holding of those cases is not here applicable. They simply hold that a plaintiff could not be deprived of a jury trial either by the joinder of an equitable claim to a legal claim or by the device of a declaratory judgment, after he had filed a timely demand for a jury trial pursuant to Rule 38(b). No such demand has been filed in this case.

██ Another reason advanced for a jury trial of the second cause of action is that counsel for the plaintiff was handling another litigation against another defendant for patent infringement and breach of contract wherein a demand for a jury trial had been filed and because of the similarity of the two cases he became confused as to the status of each. Such confusion does not justify relief under the circumstances. See Mason v British Overseas Airways Corporation, S.D.N.Y.1957, 20 F.R.D. 213. The illness advanced in this case as a basis for relief did not occur until August, 1965, approximately three months after the demand was due, and consequently does not provide a sufficient reason. See, Irvine v. Luckenback Steamship Co., S.D.N.Y.1946, 7 F.R.D. 127.

██ Nor is mere inadvertence of counsel a justification for the Court to exercise its discretion. See, Polak v. Koninklijke Luchtvaart Maatschappij, etc., S.D.N.Y.1956, 19 F.R.D. 87, 88; Mason v. British Overseas Airways Corporation, supra. Before the Court should act to relieve a plaintiff from his waiver, highly exceptional circumstances should be set forth. The plaintiff in this case has been unable to do this but, on the contrary, the circumstances surrounding the trial of both causes of action weigh heavily against him. They indicate that the interests of justice would be best served if there was but one trial by the Court in this case instead of two trials, one by the Court and the other by a jury, involving in each trial overlapping issues of fact and law. Moreover, the authorities are almost uniform in denying relief when the delay is as long as six months. See, McLaughlin v. Blidberg Rothchild Co., S.D.N.Y. 1958, 163 F.Supp. 33; Republic Productions Inc. v. American Federation of Musicians of the U. S. and Canada, S.D. N.Y.1963, 7 Fed.Rules Serv.2d 38b. 12, Case 1; Whelan v. Covert, S.D.N.Y.1956, 22 Fed.Rules Serv. 39b. 2, Case 3; Swindells v. Ziff-Davis Publishing Co., E.D. N.Y.1954, 15 F.R.D. 388. Plaintiff's motion must be denied.