ROCKAWAY BLVD. WRECKING & LUMBER Co., INC., Respondent, *v.* RAYLITE ELECTRIC CORP., Appellant.

First Department, May 19, 1966.

10

*Frederick H. Block* of counsel (*Benjamin Heffner* and *David M. Gerstein* with him on the brief; *Heffner & Block,* attorneys), for appellant.

*Harris Birnbaum* for respondent.

*Per Curiam.* Plaintiff-respondent, a demolition company, contracted with the New York City Housing Authority to demolish building number 291 East 137th Street. Plaintiff sues in Civil Court for property damages in the amount of $2,890 resulting from a fire that was allegedly negligently started and spread from defendant's adjoining warehouse to the building plaintiff had contracted to demolish. Defendant-appellant moved below for summary judgment on the ground that plaintiff's alleged claim is not actionable. Defendant appeals pursuant to leave granted by this Court from an order of the Appellate Term affirming the denial by Civil Court of its motion for summary judgment.

The issue is whether, assuming *arguendo* that defendant (occupier of the warehouse) negligently started the fire and damage ensued, plaintiff contractor has a valid claim. The bulk of the contractor's alleged damages derives from certain rights of salvage under its demolition contract. The contractor

asserts that because of the fire it was prevented from realizing $2,000 on salvageable materials. In addition, it asserts that, as a further result of the negligent fire, it expended $890 over and above originally anticipated demolition costs to remove extra debris attributable to the fire.

Defendant argues that plaintiff contractor had no property interest in the building or in the salvageable materials contained in it to sustain the present property damage action. This conclusion necessarily follows, defendant insists, from the fact that under the demolition contract the ownership of the building and its salvageable materials at the time of the fire was still in the Authority rather than in the contractor. Defendant also places reliance on the general rule that negligent interference with rights under a contract by one who is not a party to the contract does not give rise to an action for damages against him.

Defendant is correct in its contention that at the time of the fire the demolition contract had not conferred on plaintiff contractor a vested title to or substantial ownership of the building's salvageables. The contract merely provided that all materials forming a permanent part of the building "shall become" the contractor's property after it had demolished the building. Nevertheless, although something short of legal ownership, the contractor's interest in the salvageables was sufficiently cognizable at the time of the fire to ground the present action for damages. A right to future possession of a chattel has been recognized as a protectible interest (Restatement, Torts 2d, § 220; 1 Harper and James, Law of Torts, § 2.2, pp. 101–104; *id.* § 2.6, p. 113; cf. *Royal Stein, Inc.* v. *B. C. U. Holding Corp.*, 283 App. Div. 700). The order denying the motion of defendant warehouse tenant for summary judgment must therefore be affirmed.

That portion, however, of plaintiff contractor's claim based on extra costs incurred in performing its demolition contract stands on a different footing. As to it, the rule prohibiting recovery for negligent interference with rights under a contract appears applicable. In the leading American case involving this rule (*Robins Dry Dock & Repair Co.* v. *Flint*, 275 U. S. 303), Mr. Justice HOLMES stated (p. 309): "As a general rule, at least, a tort to the person or property of one man does not make the tortfeasor liable to another merely because the injured person was under a contract with that other, unknown to the doer of the wrong. * * * The law does not spread its protection so far." This proposition is generally recognized as a correct rule of law (see, e.g., *Shell Oil Co.* v. *S. S. Tynemouth*, 205 F. Supp. 838, 839, vacated on other grounds 211 F. Supp. 908;

*Louisville & Nashville R. R. Co.* v. *Arrow Transp. Co.,* 170 F. Supp. 597, 599–600; 86 C. J. S., Torts, § 44, p. 964).

No factually parallel New York cases have been found. Looking to other states, the case of *Forcum-James Co.* v. *Duke Transp. Co.* (231 La. 953) involves a closely analogous situation. There, the contractual obligation to provide temporary service and repair of a bridge was held not to give the contractor a right of action for harm negligently inflicted on the bridge by a truck. Citing the *Robins Dry Dock* case (*supra*) and other authorities, the Supreme Court of Louisiana held (p. 962): "It is a basic principle of the law that a tort-feasor is responsible only for the direct and proximate result of his acts and that, where a third person suffers damage by reason of a contractual obligation to the injured party, such damage is too remote and indirect to become the subject of a direct action ex delicto, in the absence of subrogation."

There may be some exceptions to the general rule, but none applicable to this case. Sometimes, but the standards are far from clear, the law will allow compensation for injuries to contractual expectations caused by negligence coupled with other factors (see, e.g., Carpenter, Interference With Contract Relations, 41 Harv. L. Rev. 728, 737–742; Note, Tortious Interference With Contractual Relations, 31 Harv. L. Rev. 1017, 1018).

Applying the general rule, plaintiff contractor may not recover the $890 representing extra costs incurred in its performance of the demolition contract.

Accordingly, the determination should be affirmed, but without costs or disbursements to either side.

BREITEL, J. P., RABIN, McNALLY, EAGER and STEUER, JJ., concur.

Determination of the Appellate Term unanimously affirmed, without costs and without disbursements.